STATE OF MISSOURI at the relation of FIRST NATIONAL BANK IN ST. LOUIS, a Corporation, Relator, v. WILLIAM C. HUGHES, WILLIAM DEE BECKER and EDWARD J. McCULLEN, Judges of the St. Louis Court of Appeals.—144 S. W. (2d) 84.

Division One, October 31, 1940.

*Jones, Hocker, Gladney & Grand* and *William G. O'Donnell* for relator.

*Barak T. Mattingly* and *Douglas H. Jones* for respondents.

940

DALTON, C.—This is an original proceeding in certiorari, commenced in this court, by which the relator seeks to have quashed an opinion of the St. Louis Court of Appeals in the case of Hazel Bankhead v. First National Bank in St. Louis, 137 S. W. (2d) 594. The original action was for damages for personal injuries sustained by the plaintiff in said cause on November 26, 1935, when she slipped and fell while descending a stairway in the banking house of defendant, First National Bank in St. Louis, Missouri. A verdict was returned in favor of plaintiff for the sum of $3,000, and judgment was entered thereon. Defendant appealed, but the judgment was affirmed by respondents.

In their opinion, respondents stated the issues as follows:

"Counting upon the status of an invitee on the premises, plaintiff charged negligence against defendant upon the theory that the stairway, at the time of her fall upon it, was wet and covered with a slimy and slippery substance which rendered the same dangerous and likely to cause persons using it to slip and fall, and that defendant knew or should have known of such dangerous and unsafe condition long enough prior to the time of plaintiff's injury for it to have remedied the condition, but had negligently failed to do so. The answer was a general denial, coupled with a plea of contributory negligence to the effect that whatever water was upon the steps when plaintiff fell was visible and could have been seen by her if she had looked where she was walking, but that she negligently failed to do so.

"Defendant submits but one point for our consideration, which is the question of whether the court committed error in the refusal of its request for a peremptory instruction at the close of the entire

case. . . . Defendant argues for its demurrer upon two grounds, the first, that there was no substantial evidence of negligence on its part; and second, that in any event plaintiff should be adjudged guilty of contributory negligence as a matter of law.''

Respondents stated the facts as follows: ''Plaintiff's fall occurred on the steps leading down to the first floor from the Olive Street entrance to the bank. This particular entrance has both outer and inner doors, which are separated by a vestibule some four or five feet in depth. One entering the bank through the Olive Street entrance first passes through one of the outer doors which open out upon the sidewalk, crosses the vestibule, and then passes through one of the inner doors which open out upon a landing at the head of the stairway or series of seven marble steps which lead down to the first floor of the bank. Each step is from twelve to fourteen inches in width, and the stairway itself, which is from fourteen to fifteen feet across, is divided into sections by railings, one of which runs along either wall, with two erected at intervals in the center. The steps are of a cream color, and, being made of polished marble, are smooth, with no evidence of wear as yet apparent upon their surface.

''Recognizing the fact that in rainy weather the customers and other persons coming into the bank necessarily bring in a certain amount of water which gets upon the stairs and renders them slippery and dangerous if they are not mopped with regularity, the bank has adopted a practice that in rainy weather it assigns one or more porters to every entrance, whose duty it is to mop the entrances and stairs on an average of once every four or five minutes, depending upon the degree of rainfall and the amount of water being carried in. . . .

''It was a conceded fact that it had been raining off and on throughout the entire morning of the day on which plaintiff's accident occurred.

''Shortly after the noon hour, plaintiff entered the bank through the Olive Street entrance, and started down the east or right-hand section of the stairway, holding on to the rail which ran along the wall. This was her first occasion to use that particular entrance, and while she took casual notice of the flight of steps, she did not observe them closely enough to discover the presence of any water upon them.

''She had reached about the third step from the top when her right foot slipped, causing her to fall in a sitting position, with her left leg doubled underneath her. A couple of the bank's employees helped her to her feet, and it was then she discovered that her 'clothes were wet' with dirty, slimy water, indicative of the fact that the same had been tracked in from the outside and deposited on the steps. . . .

''While defendant's floorman testified that there had been porters at that entrance all during the morning, who had last mopped the steps a matter of from three to five minutes before the time of plain-

tiff's fall, there was an issue made of this fact by one of plaintiff's witnesses, who customarily sells pencils on Olive Street outside the bank, but at this particular time had come into the bank to get out of the rain, and was standing by one of the radiators near the entrance. According to this witness, he had noticed water on the steps when he first came into the bank; he had been inside 'about an hour' when plaintiff's fall occurred; he had not seen anyone mop the steps; and water had remained upon them during all the time that he was in the bank."

Respondents stated the rule as to liability as follows: "The owner or possessor of premises is liable to an invitee, using due care, for an injury occasioned the invitee by an unsafe condition of the premises which is actually or constructively known to the owner or possessor but not to the invitee, and which the owner or possessor has suffered to exist, but of which the invitee has no knowledge or notice. . . . The true ground of liability on the part of the owner or possessor is his superior knowledge of the peril which exists and of the danger therefrom to one who goes upon his premises at his inducement, expressed or implied."

Respondents then held: "In this case defendant conceded by its own evidence that it had recognized the danger of permitting the stairway to be wet and slippery, and that in order to keep the same in a reasonably safe condition for the use of its customers, it had adopted the practice, in times of rainy weather, of stationing one or more porters at the stairway with instructions to mop the same at frequent and regular intervals. . . . There was substantial evidence to show, not only the presence of water upon the steps, but also that defendant had had ample time before the accident to have remedied the condition, and so with respect to the issue of defendant's negligence, a case was made for submission to the jury."

Respondents then dealt with the issue of contributory negligence, as to which issue, no question is here raised by relator. In ruling that the question of plaintiff's contributory negligence was for the jury, respondents made the following statement:

"This is not a case where plaintiff did not look at all, for her testimony shows that she took timely notice of the stairs, and in order to add to her safety in descending them, permitted her hand to rest upon the railing to her right. We may concede that she was to be charged with knowledge that with it raining outside, there would be a certain amount of water tracked inside the bank, but even so, her own information in the matter was not at all comparable with that which the bank possessed. The latter, knowing the dangerous condition that would result if the steps were not mopped at frequent intervals, had set for itself a definite duty to perform, while plaintiff, for her part, lacking the benefit of defendant's experience, was confronted with a danger, the full import of which, because of its common-

place character, was not so likely to have been impressed upon her in her initial attempt to use the stairs.''

There is no contention by relator that respondents have not correctly stated the applicable rules of law. Relator contends that upon the conceded facts, as set out in respondents' opinion, respondents have not correctly applied the law to the facts before them. Relator says it appears from respondents' opinion that the plaintiff, an invitee, had knowledge of the dangerous and unsafe condition of the steps which caused her fall and resulting injuries; that upon the admitted facts as set out in respondents' opinion a case of negligence was not made out; defendant breached no duty to plaintiff and was guilty of no negligence.

Relator states that the respondents in their opinion ''admitted that the plaintiff, under the evidence, was charged with knowledge of the condition,'' and yet held that there was sufficient evidence to warrant a finding that the defendant was negligent. Relator relies particularly upon the statement in the opinion: ''We may concede that she was to be charged with knowledge that with it raining outside, there would be a certain amount of water tracked inside the bank.'' Relator overlooks the fact that respondents also stated: ''This was her first occasion to use that particular entrance, and while she took casual notice of the flight of steps, *she did not observe them closely enough to discover the presence of any water upon them.* The mere statement that she was charged with knowledge that it was raining outside, and that ''there would be a certain amount of water tracked inside the bank,'' is not a statement that she was charged with knowledge that the *steps* inside the bank, which she was about to use, would be *wet* and *so wet* that, after her fall upon said steps, her clothes would be wet with dirty, slimy water. Nor was it a statement that she knew or recognized the dangerous and unsafe condition resulting from water being upon the particular steps. Respondents in their opinion, in effect, stated that the plaintiff did not know of the dangerous and unsafe condition of the steps resulting from them being wet, while such fact was known to the defendant. Respondents said: ''The latter (defendant), knowing the dangerous condition that would result if the steps were not mopped at frequent intervals, had set for itself a definite duty to perform, while plaintiff, for her part, lacking the benefit of defendant's experience, was confronted with a danger, the full import of which, because of its commonplace character, was not so likely to have been impressed upon her in her initial attempt to use the stairway.''

As we read respondents' opinion, it does not concede that the plaintiff had knowledge that there was water upon the steps; nor does it concede that plaintiff had knowledge that water upon the marble steps would make them dangerous and unsafe, as was conceded by defendant; nor does the opinion hold that the dangers incident to the

use of marble steps, with water on them, was obvious or a matter of common knowledge, so that plaintiff was presumed to know of the danger, if she knew of the presence of the water. On the other hand the opinion expressly recognizes, that under the facts before respondents, there was evidence from which the jury could find that defendant knew, or ought to have known, (1) of the physical facts, to-wit, that there was water on the steps, and (2) of the danger to persons using the steps while water was upon them. We find nothing in respondents' opinion from which it could be said the respondents conceded the plaintiff had knowledge that these particular steps inside the bank had water on them or that plaintiff knew and recognized the dangerous and unsafe condition that would result from water being upon the steps. The opinion of respondents is to the contrary.

Relator contends that the holding of respondents that "a case was made for submission to the jury of the question of defendant's negligence," is directly in conflict with the rule of liability of an owner or possessor of premises to an invitee as previously announced by this court and applied to similar states of facts in the following cases: Stoll v. First National Bank of Independence, 345 Mo. 582, 134 S. W. (2d) 97; Vogt v. Wurmb, 318 Mo. 471, 300 S. W. 278; Mullen v. Sensenbrenner Mercantile Co. (Mo.), 260 S. W. 982; Paubel v. Hitz, 339 Mo. 274, 96 S. W. (2d) 369; Cluett v. Union Electric Light & Power Co. (Mo.), 220 S. W. 865; Williams v. Kansas City Terminal Railway Co., 288 Mo. 11, 231 S. W. 954.

█ We shall not restate the applicable rule of law, as to which there is no dispute. It is fully stated in the Stoll and Vogt cases, supra, cited in respondents' opinion, and relied on here by relator. The question here is as to the application of the rule to the particular facts before respondents. Has this court ruled differently upon a similar state of facts? In determining the question of conflict we are, of course, bound by respondents' conclusion as to what the facts are, but we are not bound by the conclusion that the court reached by applying the law to the facts.

In the case of Stoll v. First National Bank of Independence, supra, plaintiff, a customer while attempting to leave the bank fell on the marble floor of the main lobby as she approached the steps near the entrance of the bank. In that case (345 Mo. 582, 134 S. W. (2d) 97, 99 and 102) this court said: "Appellant does not contend that respondent was guilty of contributory negligence as a matter of law, but does insist that there is no evidence of negligence on its part. It contends that in view of respondent's own testimony, she had full information as to the condition of the premises prior to her fall; that no warning of any kind would have given her any more knowledge of the condition of the floor and steps; that even conceding the bank floor was slick and dangerous (which it does not) that there could be no recovery, for the reason that *she was fully aware of all dangers* and appellant

breached no duty and was guilty of no negligence.'' This court held: ''We think it is apparent from respondent's own testimony that there. were no conditions or circumstances in connection with appellant bank's floor and steps that were not fully *known and appreciated* by respondent. Appellant's officers and agents had no superior knowledge. Respondent admitted that *she knew that the floor and steps were smooth, glossy, slick and slippery. She knew and realized the danger*. She stiffened her knees as she approached the place where she fell, because *she knew that she might slip and fall*. The floor and steps were in the same condition, as they had been in before. She saw and observed that condition of the floor and steps and had observed that condition previously. There was no foreign substance on the floor and she met no unexpected condition. The evidence fails to show any negligence of appellant or the breach of any legal duty owed by appellant to respondent.'' (Italics ours.)

We think it is clear that respondents' opinion does not conflict with the opinion in the Stoll case since, in the Stoll case, plaintiff had knowledge of the particular physical condition of the floor upon which she was walking and she also had knowledge of the dangers attending the particular physical condition of the floor which she saw and observed. She knew of the physical facts, and she recognized the dangers which inhered therein. Defendant had no superior knowledge.

In the case of Vogt v. Wurmb, supra, the plaintiff, a customer of a vegetable market entered and later attempted to leave over certain freshly painted steps. A board had been placed on each step, plaintiff saw the boards, observed their width and thickness and the manner in which they were placed on the steps. In descending the steps plaintiff caught her heel on the back of a board, moved the board out of place, and she fell and was injured. The court said (318 Mo. 471, 300 S. W. (2d) 278, 279) : ''The methods of protecting freshly painted steps which are in use by laying boards on the treads is one commonly employed. While somewhat more care is required to walk up and down steps covered as were those complained of in this case than ones not so covered, they were not inherently dangerous. *But in any event whatever danger inhered their condition was perfectly obvious. There was no lurking peril*; nothing touching the physical situation was hidden or concealed. What plaintiff saw in going up the steps and upon her return to come down them disclosed to her all the information which the proprietors of the store had touching *both their condition and the care required to use them with safety*.'' (Italics ours.) In the Vogt' case plaintiff had both knowledge of the physical conditions and knowledge of the danger. The danger being obvious. Respondents' opinion does not conflict with our opinion in the Vogt case.

In the case of Mullen v. Sensenbrenner Mercantile Company, supra, the plaintiff fell on a sloping entrance as she was leaving defendant's

946

store. The court said (260 S. W. 982, 984) : "In this case the plaintiff fully viewed the entrance as she went into defendant's store. She saw that it was of tile, and saw the kind of tile it was, and could see and feel how smooth or slick it was. She saw that it was without rugs or covering, and noticed its slope. She was fully notified of the condition and character of the entrance and of all danger, if any, connected therewith when she entered defendant's building. *She says she was familiar with sloping tile entrances, and that they were all right going up, but the danger was in walking down. Defendant knew of no condition or danger connected with said entrance not known or visible to plaintiff.* It was high noon, and perfectly light. Under such circumstances defendant was not liable for plaintiff's injury in coming out of said building over such entrance." (Italics ours.)

Respondents' opinion does not conflict with the opinion in the above case where plaintiff had knowledge of the physical facts and knowledge and appreciation of the dangers incident thereto.

In the case of Paubel v. Hitz, supra, the plaintiff, a postman was delivering mail to the defendant. He slipped and fell on an inclining runway which was the means of ingress and egress to defendant's place of business. Defendant was in the poultry business and the entrance was covered with manure and chicken dirt. Plaintiff was aware of the condition of the runway and observed the condition when he entered the premises. He recognized that the runway was slippery and took great care in walking, but fell and was injured. This court said (339 Mo. 274, 96 S. W. (2d) 369, 373) : "According to plaintiff's testimony, the maintenance and use of the runway at defendant's place of business was common to the commission houses in that vicinity. No hidden, lurking, or secret peril is involved. *Whatever danger existed was not only obvious but actually known and appreciated by plaintiff. He possessed all the information concerning the physical condition of the runway possessed by defendant or his employees, and knew of and appreciated, the care required to use the runway.* Had he been warned of the slippery condition of the runway, no greater information would have been imparted to him than that which he admittedly possessed. A warning imparting notice of the condition of the runway would have discharged defendant's legal obligation. Therefore, whatever risk existed incident to passage over the runway was voluntarily incurred by plaintiff—*volenti non fit injuria*—and defendant breached no legal obligation owed plaintiff." (Italics ours.) It is apparent that respondents' opinion does not conflict with the opinion of this court in the above case.

 In the case of Cluett v. Union Electric Light & Power Company, supra, plaintiff in her petition claimed that she fell on a wet, soapy, and slippery floor in defendant's office. She recovered a judgment and defendant appealed. This court said (220 S. W. 865, 867) :

"There is no controversy in this case over the fact that plaintiff fell in defendant's office. The real issue is whether or not she has shown by substantial evidence that she fell at a place on defendant's floor where it was soapy and slippery. Plaintiff, in unmistakable language, testified in chief: 'This was a dry place I walked over.' On cross-examination, she testified positively, that she saw nothing on the floor where she fell to make it slippery. The porter was the only eyewitness to the occurrence, aside from the plaintiff, and he testified that it was dry where plaintiff fell. In the face of the above testimony, plaintiff was permitted to go to the jury on mere conjecture, based upon the idea that it must have been slippery because she fell. . . . Considered with reference to the positive testimony of plaintiff and the porter, heretofore quoted, it would seem more probable to us that plaintiff slipped upon the linoleum while in its normal condition, or possibly on account of the sole of her shoe having become smooth prior to coming in contact with the linoleum. . . . We are of the opinion that the testimony presented in the record is insufficient to support a judgment in favor of respondent, and that the trial court should have directed a verdict in behalf of appellant.

"Aside from the foregoing, we are of the opinion that defendant should not be held liable, even if the place where plaintiff fell had been previously mopped and left in a damp condition. If liability be sustained in this kind of case, it would simply open the flood-gates to all kinds of speculative litigation that has, according to our conception of the law, already been extended much too far for the public good. . . . *We see no reason for holding that the case at bar should not be placed in the same class as those using hardwood floors.*" (Italics ours.)

In the Cluett case there was no evidence of any unusual condition of the floor at the place where plaintiff fell. It was a smooth linoleum floor. There was nothing on the floor that should not have been there. Plaintiff conceded she saw nothing wrong with the floor or nothing that would make it slippery. The danger, if any, in using such a floor was obvious and a matter of common knowledge. Defendant had no superior knowledge. We see no conflict. Respondent's opinion does not conflict with the holding of this court in the above case. The statement in the first part of the last paragraph quoted above was not based upon any facts in the case and, therefore, was not a holding of this court upon which conflict could be based.

In the case of Williams v. Kansas City Terminal Railway Company, supra, plaintiff fell upon a wet stairway in the Union Station alleged to have been slippery, dangerous and defective. The trial court instructed the jury that defendants owed her the highest practical degree of car of a very prudent person engaged in like business to prevent injury to her while upon their premises. On appeal it was held that defendants only owed plaintiff the duty of ordinary care.

The court further said (288 Mo. 11, 231 S. W. 954, 956): "The petition alleges that the step upon which plaintiff fell was unsafe because it was 'slippery.' She offered no evidence tending to show that the slipperiness arose from the material of which the step was constructed, or from the manner in which it was constructed, or from its having become worn or out of repair. All the evidence she introduced as to the condition of the step was her testimony that the step was wet, that she could see the tracks of people—mud tracks, she thought—but she could see them plainly, and they were wet. The question submitted to the jury, at her instance, with reference to the step, was whether it was 'wet and slippery.' It is not her contention that she stepped on a piece of mud and slipped, but that she slipped because the step was wet.

"There was no direct evidence as to what caused the step to be wet or as to whether defendants had any knowledge of such condition prior to plaintiff's fall. And no evidence at all as to how long the step had been wet. The stairway was enclosed and under roof; hence not exposed to the weather. However, it had been raining all day, and the inference is that the water on the step came from the wet footwear and dripping raincoats and umbrellas of persons who had gone down the stairway before the plaintiff. If the steps became wet in this manner, they must have done so many times before under like circumstances, and their condition at the time of plaintiff's fall must therefore reasonably have been anticipated by defendants' agents. . . . Defendants were not insurers against all hazard arising from the use of the steps; they were not bound to make them absolutely safe. *By equipping them with a safety tread of standard construction, defendant did all, under the circumstances shown by the evidence, that the exercise of ordinary care required, in order to make the steps reasonably safe from the danger of slipping upon them.* We hold as a matter of law that plaintiff failed to make a case entitling her to go to the jury." (Italics ours.)

In the above case it is apparent that the plaintiff had full knowledge of the physical facts which she encountered, to-wit, wet steps, and there was no evidence that the danger to which she was subjected was greater than that commonly encountered in going down the steps of an ordinary public building. Since the hazard of the wet steps, so equipped with a safety tread of standard construction, was not shown to be greater than that known and recognized as incident to the use of ordinary steps, the danger was obvious and a matter of common knowledge. Defendant had no superior knowledge. There was no evidence from which it could be inferred that the exercise of ordinary care under the circumstances required any more than the use of safety treads of standard construction which had been provided. There was no evidence that steps, so equipped, were not reasonably safe. And so, in the case under consideration, the evidence did

not show that the exercise of ordinary care required more than that the steps be mopped at reasonable intervals, but an issue of fact was made as to whether defendant had performed its duty. Defendant was only required to exercise ordinary care. No greater care was required by respondents' opinion. We find no conflict between the Williams case and respondents' opinion.

In its reply brief, relator cites State ex rel. Golloday v. Shain, 341 Mo. 889, 110 S. W. (2d) 719, and the case of Ilgenfritz v. Missouri Power & Light Co., 340 Mo. 648, 101 S. W. (2d) 723. In the former case this court quashed an opinion of the Kansas City Court of Appeals because of conflict with the latter case. This court said that it would be hard to find two cases with facts so similar. In each case the plaintiff had fallen on a waxed floor and the waxed condition of the floor was obvious. In quashing the opinion of the Kansas City Court of Appeals this court quoted with approval from the Ilgenfritz case as follows (110 S. W. (2d) 719, 723) : "We hold that it is not negligence to merely wax an office floor *when it is obvious to all who use it that it is waxed*; when no unusual amount or kind of wax is used so as to make it slicker than waxed floors of like character are usually kept. . . . *Everyone is familiar with floor wax and its effect on floors. Everyone knows that a waxed floor must be walked on somewhat differently from a rough floor, and she was required to exercise the reasonable care that anyone could see was required by the circumstances for her own safety.* . . . There was no evidence to show that defendant was guilty of any negligence, and, even if plaintiff was careful, defendant is only liable if it was negligent. *It was not negligent unless there was something on the floor that in the exercise of care should not have been there.*" (Italics ours.) Respondents' opinion is not in conflict with either of these opinions.

■ Respondents' opinion is based upon the theory that defendant knew, or should have known, water was upon these steps; that it recognized that water upon such marble steps made them dangerous and unsafe; that defendant conceded, that when it was raining, the exercise of ordinary care required that the water should be mopped off the steps at certain reasonable intervals, and, in fact, claimed it had mopped the steps a few minutes before plaintiff fell; that there was evidence that defendant had not discharged this duty nor warned plaintiff although such condition had existed for a sufficient time for defendant, in the exercise of ordinary care, to have remedied the same; that plaintiff did not know of the presence of water on the steps nor appreciate the dangerous and unsafe condition resulting therefrom; and that by reason of defendant's failure to discharge its duty the plaintiff fell and was injured.

The opinion of respondents does not conflict with or contravene, any general principle of law announced by this court, nor does it conflict with any decision or ruling of this court upon the same or a similar

state of facts. Our writ of certiorari was improvidently issued and should be quashed. It is so ordered. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.