ELIZABETH BYRON *vs.* FRESH POND OPEN AIR THEATRE.

Middlesex.    April 6, 1955. — September 19, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence,* Drive-in theatre.

A finding of negligence on the part of the proprietor of a drive-in motion
    picture theatre toward a patron was not warranted by evidence of the
    circumstances in which the patron, while seated in an automobile
    parked in a dark area in the theatre to the left of a post from which a
    cord extended to sound equipment hooked to the right window of the
    automobile, was injured when someone running to the right of the
    automobile during an intermission in the show came in contact with
    the cord and the window of the automobile was broken and the sound
    equipment struck the patron.

TORT.    Writ in the Third District Court of Eastern
Middlesex dated July 20, 1953.

The action was heard by *Magnuson,* J., who found for the
plaintiff.    The Appellate Division ordered judgment for
the defendant, and the plaintiff appealed.

*Gregory H. Adamian & William Highgas, Jr.,* for the
plaintiff.

*Peter D. Cole,* for the defendant.

RONAN, J.    The defendant owned and operated an open
air or drive-in theatre into which, on an evening in April,
1953, one Cabral drove his automobile and parked it at a
place designated by one of the defendant's ushers with its
right side about three feet distant from one of the park-
ing posts.    These posts were about "chest high," and had a
dim light on top bearing a number.    The posts were ar-
ranged in a row and each had a cord on its right and left
sides which could be attached to the automobile parked
beside it so that the occupants of the automobile could
hear the sounds accompanying the showing of the pictures.
After parking his automobile, Cabral took the cord which

was a dirty gray color off the post and hooked the loud speaker to the right front window of the automobile. The plaintiff, who was sitting next to Cabral's wife and beside this window, then raised it nearly to the top. The occupants of the automobile which also included Cabral's children sat watching the pictures until an intermission occurred at about 9:30 P.M. During the intermission, advertisements were shown on the screen announcing that the refreshment bars were open. Cabral's children had gone to one of these bars, and while he was standing by the left of his automobile to assist them as they returned into the automobile he heard a noise on the right of his automobile and saw two people running between the right of his automobile and the automobile on its right. They soon disappeared in the darkness. Evidently one or both of them had come in contact with the cord. The front window to which it had been attached was smashed and the equipment at the end of the cord struck the plaintiff. There were no lights on at the time of the accident except the floodlights along the fence enclosing the theatre which did not shine into the theatre, the dim lights on the top of the parking posts, and whatever illumination came from the screen while the advertisements were being displayed. The area in the vicinity of the accident was dark.

The trial judge made no findings of fact other than a finding for the plaintiff. On a report containing all the material evidence the Appellate Division held there was error in the denial of some of the defendant's requests and ordered judgment for the defendant. The plaintiff's appeal brings the case here.

The plaintiff contends that the defendant was negligent by reason of its failure to furnish adequate light during intermission and at a time when people were walking about in the theatre area, by its failure to take suitable precautions to prevent persons from walking between automobiles and the posts to which the speakers were attached, by its failure to paint the cords with luminous paint and to install the cords in such a manner as to permit persons to

pass by without disturbing them, and that these omissions were the proximate cause of the injury to the plaintiff which the defendant should have reasonably anticipated.

The governing principles are well established and may be briefly stated. The plaintiff was a business invitee of the defendant and the latter in conducting its place of amusement, admission to which was by the payment of a fee, was bound to use ordinary care to keep its premises in a reasonably safe condition for the use of its patrons, *Waterman* v. *President & Fellows of Harvard College,* 290 Mass. 535, *Rynn* v. *Fox-New England Theatres, Inc.* 299 Mass. 258, *Bell* v. *Dorchester Theatre Co.* 308 Mass. 118, *Klironomos* v. *Rialto Theatre Co. Inc.* 325 Mass. 560; and it was also bound to warn them of the dangers which it knew or ought to have known and which they could not reasonably be expected to know. *Kelley* v. *Goldberg,* 288 Mass. 79. *Shaw* v. *Boston American League Baseball Co.* 325 Mass. 419. *Greenfield* v. *Freedman,* 328 Mass. 272. The defendant was also required to protect its patrons against the conduct of those it had caused to assemble if it knew or should have reasonably anticipated that their action would probably result in injury to others whom it had invited. *McFadden* v. *Bancroft Hotel Corp.* 313 Mass. 56. *Fortier* v. *Hibernian Building Association of Boston Highlands,* 315 Mass. 446. *Rawson* v. *Massachusetts Operating Co. Inc.* 328 Mass. 558. Compare *Rich* v. *Boston Elevated Railway,* 316 Mass. 615; *Waugh* v. *Great Atlantic & Pacific Tea Co.* 317 Mass. 230. The intervention of a third person whether negligent or not, however, would not avoid liability upon the part of the defendant, if the injury sustained by the plaintiff was traceable to the negligence of the defendant. *Bannon* v. *Peerless Weighing & Vending Machine Corp.* 318 Mass. 607. *Ryder* v. *Robinson,* 329 Mass. 285.

It is contended that the defendant should have furnished more light during the intermission especially in view of the fact that it had invited people during that period to go to the refreshment stand. Some degree of darkness was

necessary to show the commercial advertisements including the invitation to patronize the refreshment bars. It is a matter of conjecture whether the person who came into contact with the cord attached to the automobile in which the plaintiff was seated had accepted the invitation. There was no evidence that the light furnished was not sufficient to enable people to go and return safely from the refreshment stands provided they pursued any of the courses obviously intended for their use. Cabral's children encountered no danger in making that trip and there is nothing in the record to indicate that any one else did.

The physical layout of that part of the theatre for use by the audience was not shown to be different from that ordinarily to be expected to be found in similar places where the same kind of entertainment was offered to the public. A business invitee has no just complaint if the condition of the place is incidental to the business there conducted and to be ordinarily expected, *LeBlanc* v. *Atlantic Building & Supply Co. Inc.* 323 Mass. 702, 705; and one attending an open air place of amusement cannot expect that all portions of the surface intended for his use shall be at the same level. *Gurll* v. *Massasoit Greyhound Association, Inc.* 325 Mass. 76. The low posts not only served to designate the places where the automobiles were to park but they supported the equipment to enable the occupants of the automobiles to hear the performance. The exhibition of silent pictures has long since gone out of fashion and has been superseded by talking movies. People attend the performances not only to see the pictures but also to hear the sounds accompanying them. The defendant could reasonably assume that its patrons would know that automobiles parked by the posts were connected by a cord or some other device to the sound equipment and that they would not attempt to use as a passageway the space between the post and the automobile. They were not invited to make that use of the area. Whatever was the degree of light prevailing in the vicinity of the post at the time of the accident, it is not contended it was insufficient to show the location of an

automobile close by each side of the post. This arrangement indicated that the sound effects were transmitted from these low posts to the parked automobiles. It was reasonable upon the part of the defendant to assume that its patrons had such knowledge, and there was no breach of duty upon its part if it failed to furnish some additional warning by a different color cord or by more light or by other means that the space between the post and the automobile was not to be used as a passageway.

The decision of the Appellate Division reversing the finding for the plaintiff and ordering judgment for the defendant was correct and must be affirmed.

*So ordered.*