*Western District*

## ROSEMARY FITZGERALD, PPA AND LAWRENCE FITZGERALD

### v.

## BRADLEE'S, A DIVISION OF STOP & SHOP, INC.

Argued: Feb. 7, 1972 - Decided: March 7, 1972

*Present:*  Garvey, P.J., Allen, Cimini, J.J.

Case tried to *Walsh, J.,* in the District Court of Springfield No. 205433.

**Garvey, P.J.** In this action of tort the minor plaintiff, Rosemary Fitzgerald, seeks in Count 1 to recover damages for personal injuries she alleges she sustained while a business invitee in the defendant's store in West Springfield, Massachusetts. In Count 2 her father seeks to recover for consequential damages.

After a trial there was a finding for the plaintiffs and the defendant claimed a report. We think there was error.

We quote from the report.

"Early in the evening of July 15, 1967, the plaintiff, Rosemary Fitzgerald, aged 14, accompanied her parents to the defendant's department store on Memorial Avenue in West Springfield. While her parents were in the upper level of the store, the minor plaintiff went down to the lower level and into the area in which the J and J Pet Shop had a concession that sold animals. The minor plaintiff was interested mostly in the puppies and the mice. She was in the pet shop area for a few minutes and then began to walk out. She stopped near the exit at a cage that contained about 25 mice. The cage was of a very closely woven screening material and was enclosed on all four sides as well as at the top and bottom. The cage was about one foot in height and could be opened only by sliding the top screening which was held on by runners. The minor plaintiff then

slid open the top of the cage part of the way. Up to the time that the minor plaintiff touched the cage, the top was completely closed. While the cage was then open the minor plaintiff put her hand approximately 5″ down into the cage. While her hand was in this position, she was looking across the room towards the puppies. At this time one of the mice bit the minor plaintiff on the left index finger. The minor plaintiff was brought immediately to the Springfield Hospital by her parents where she received treatment and a tetanus shot. Marcel Kervian, an employee of the J and J Pet Shop was working at the time of the accident but did not witness the accident. His job, in addition to that of a salesman, was to prevent children from going near and touching the cages. He testified that the cages containing mice were all of a glass material except the top which was made of screening. The top was held on by runners. There were two signs in the area telling customers not to touch the animals. One of these signs, 18 inches by 24 inches, was a few feet away from the mouse cage.''

The judge in his special findings of facts concluded that ''On all the evidence I find that the defendant was negligent and the plaintiff was not.''

''His findings are to stand if warranted in law upon any reasonably possible view of the evidene, and the only question for this court to review on the denial of a request is whether

upon the evidence, with all rational inferences which might be drawn therefrom a finding for the plaintiffs can be sustained." *Heil, adm.* v. *McCann, exec.,* 1971 A.S. 1675.

It is well established that one in control of premises owes a duty to customers to use reasonable care to keep the premises in a reasonably safe condition for their use, according to the invitation, or at least to warn the business invitee of dangers not known to them or not obvious to an ordinarily intelligent person. *Luz* v. *Stop & Shop, Inc.,* 348 Mass. 198. *Griffin* v. *Fletcher Hardware Co.,* 327 Mass. 235. *Neagle* v. *Morgan,* 1971 A.S. 1879.

"There is no reason that the defendant's agents should have anticipated that it would be a source of danger to invited persons who would expect to find in the store conditions which would naturally attend the manner in which the business was openly and visibly carried on." *Griffin* v. *Fletcher Hardware Co., Inc.,* 327 Mass. 235, 236. The defendant here could not be expected to anticipate that a 14 year girl would open the top sliding door of its mouse cage and place her hand inside. A storekeeper is allowed reasonable latitude in displaying its wares and is not to be held responsible for conditions that should be obvious to a customer as an ordinary incident to its business. *Byron* v. *Fresh Pond Open Air Theatre,* 333 Mass. 121. See also cases collected in

Bishop, Massachusetts, Practice Series, Vol. 17, footnote to section 711.

The reported evidence did not warrant the judge's finding of negligence on the part of the defendant and it was error to deny the defendant's request that "the evidence does not warrant a finding for the plaintiffs."

**The findings for the plaintiffs are to be vacated and judgment ordered for the defendant.**

JOHN J. DUNPHY of Springfield
   for the defendant
THOMAS J. DONOGHUE of Springfield
   for the Plaintiffs