Narcisa **LARREA,** Plaintiff-Appellant,

v.

**OZARK WATER SKI THRILL SHOW, INC., a corporation,**
**Defendant-Respondent.**

No. 10482.

Missouri Court of Appeals,
Springfield District.

Feb. 17, 1978.

David Donnelly, David E. Wilhite, Donnelly, Baldwin & Wilhite, Lebanon, for plaintiff-appellant.

Charles E. McElyea, Ronald K. Carpenter, Phillips & McElyea Corp., Camdenton, for defendant-respondent.

TITUS, Judge.

Plaintiff, a 68-year-old female, fell on defendant's parking lot and was injured. The jury gave her a verdict but the trial court entered judgment for defendant n. o. v. and plaintiff appealed. As the matter concerns us, the chief question for determination is whether plaintiff made a submissible case for the jury.

These are the ground rules for appellate review of this case: We "must indulge the presumption that the plaintiff's evidence is true, disregard defendant's evidence in conflict therewith, and give the plaintiff every reasonable favorable inference to be drawn from all the evidence. But these rules and criteria do not go so far as to permit [us] to disregard the dictates of common reason and to accept as correct or true that which obviously under all the circumstances in evidence cannot be correct or true; nor to give plaintiff the benefit of any other than reasonable inferences. . . . The plaintiff is bound by [her] own testimony; may not have the benefit of or resort to the support of evidence inconsistent with such testimony, and conceded facts may not be disregarded. . . . The court may not supply missing evidence, give the plaintiff the benefit of unreasonable, speculative or forced inferences, or consider only isolated parts of the plaintiff's evidence." *Levin v. Sears, Roebuck and Company,* 535 S.W.2d

525, 527[1–3] (Mo.App.1976). With the foregoing in mind, we hereinafter recast the evidence in a light most favorable to the jury's verdict. *Gregory v. Robinson,* 338 S.W.2d 88, 91[1] (Mo. banc 1960).

On July 26, 1972, defendant operated a water ski show at Paradise Cove on the Lake of the Ozarks. Its premises, "about 300 feet long [north and south] and probably about 150 feet wide [east and west]", were situate on the west side of the cove and sloped downward from west to east to the water's edge. Patrons viewed the show from facilities located at the northeast corner of the property adjacent to the lake; a parking lot occupied the southwest part of the premises. According to the main instruction proffered by plaintiff and given by the court, "defendant's parking lot was irregular and uneven and was covered with rocks and gravel." Growing trees were interspersed about the parking area. The casualty occurred near 8 p. m.[1] By taking judicial notice of the time of sunset [*Phillips v. Stockman,* 351 S.W.2d 464, 467[1] (Mo. App.1961)], we know that on the date and at the place of the accident sunset occurred at 8:27 p. m. Sunrise and Sunset Table No. 1166, prepared by Nautical Almanac Office, U.S. Naval Observatory, Washington, D.C. Also, we are aware that " 'When lighted lamps are required' [for motor vehicles upon the highways] means at any time from a half-hour after sunset . . .." § 307.020(9), V.A.M.S. Consequently, we may confidently assume it was daylight at the time concerned.

Plaintiff, a business invitee, arrived at defendant's parking lot as a backseat passenger in a four-door car driven by her son who shared the front seat with his wife and three-year-old daughter. In accordance with directions given by attendants, the automobile was parked near the south side of a tree, headed west, parallel in a row with previously parked vehicles. Carrying her daughter, the wife left the car, walked around the tree and headed for the seating and viewing area. Plaintiff looked at the

1. All time references are to Central Daylight Saving Time.

ground as she alighted from the automobile. However, after she "got out of the car and . . . came around the tree and . . . started walking down the hill," plaintiff was "[l]ooking to the lake, toward the lake" and following her daughter-in-law. Plaintiff walked past the tree a few feet where she stepped on top of a rock. Her foot slipped off the rock causing her to fall and be injured. The rock, said to have been "imbedded tightly in the ground," apparently had a fairly flat surface and measured approximately three inches wide by five inches long. Its surface was described as sloping down towards the lake with its highest elevation being about one and three-quarters inches above ground level. Neither plaintiff nor her daughter-in-law observed the rock until after the fall.

If any, the liability of defendant (as possessor of the land) to plaintiff (its invitee) is generally declared as follows: "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger." 2 Restatement, Torts 2d, § 343, pp. 215–216. It has been stated that the doctrine enounced in the Restatement, supra, "together with all of its technicalities is firmly embedded in the jurisprudence of this jurisdiction, . . . and the problem is whether the facts and circumstances of this occurrence reasonably fit into the pattern of the rule as it has been established in Missouri." *Dean v. Safeway Stores,* 300 S.W.2d 431, 432 (Mo.1957); *Hokanson v. Joplin Rendering Company, Inc.,* 509 S.W.2d 107, 110[1, 2] (Mo.1974). Of equal interest and importance is what is said in § 343 A. of 2 Restatement, Torts 2d, p. 218, and in Comment on Subsection (1), par. *e.,* p. 219: "§ 343 A. Known or Obvious Dangers (1) A possessor of land is not liable to his invitees for physical harm caused to

them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. . . . Comment on Subsection (1): . . . e. In the ordinary case, an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers he will encounter if he comes. . . . Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them." Likewise, "In determining the extent of preparation which an invitee is entitled to expect to be made for his protection, the nature of the land and the purposes for which it is used are of great importance." Comment *e.* under § 343, 2 Restatement, Torts 2d, p. 217.

■ An invitee who goes upon a paved sidewalk, paved passageway or paved parking lot, or who enters upon the premises of a store, theater, hotel, motel or office building, is entitled to expect that the possessor thereof will have made far greater preparation to secure the safety of his invitees than will have been made by the possessor of a primordial lakeside parking area which obviously conforms to its inclined terrain, is irregular, uneven, covered with dirt, rocks and creek gravel and which, intermittently, accommodates trees native to the property. See, *Cunningham v. Bellerive Hotel, Inc.,* 490 S.W.2d 104 (Mo.1973); *Wyatt v. Southwestern Bell Telephone Company,* 514 S.W.2d 366 (Mo.App.1974); *Abel v. Campbell 66 Express, Inc.,* 378 S.W.2d 269 (Mo. App.1964); *Willis v. Rivermines I. G. A. Supermarket,* 350 S.W.2d 437 (Mo.App. 1961); *Hoffman v. The Kroger Company,* 340 S.W.2d 152 (Mo.App.1960); *Byron v. Fresh Pond Open Air Theatre,* 333 Mass. 121, 128 N.E.2d 785, 787[4], 50 A.L.R.2d 1452, 1456 (1955); 2 Restatement, Torts 2d, § 343, Comment *e.,* p. 217.

■ Defendant-possessor owed to plaintiff-invitee only the duty to provide a reasonably safe parking lot, but defendant

did not owe plaintiff absolute safety for it was not an insurer of her safety. *Potter v. Zorensky,* 508 S.W.2d 21, 22[1, 2] (Mo.App. 1974). Furthermore, defendant is not liable to plaintiff for injuries which result from an open and obvious condition which is or must have been known to plaintiff in the exercise of due care for her own safety, and if plaintiff was or should have been aware of the condition and of the consequence of disregarding it, she may not recover. Possessors of premises are not obliged to anticipate that their invitees, in the exercise of ordinary care, will fail and neglect to appreciate dangers generally which are known to be inherent in obvious conditions. *Hopkins v. Sefton Fibre Can Company,* 390 S.W.2d 907, 912[7, 8] (Mo.App.1965). The attention which an invitee must give his surroundings and come by an appreciation of them in governing his actions is not a legal absolute but is to be judged by the concomitant circumstances and conditions and the environment in which he finds himself. *Tharp v. Monsees,* 327 S.W.2d 889, 893[3] (Mo. banc 1959); *Henryetta Construction Co. v. Harris,* 408 P.2d 522, 531[19], 28 A.L.R.3d 876, 889 (Okl.1965).

The bucolic nature of the parking area was patent. In the exercise of ordinary care for her own safety, plaintiff should have recognized that the semi-sylvan plot as it inclined to meet the lake was rugose, overlaid with coarse gravel and rocks and that its rustic terrain demanded near-constant scrutiny by all desiring safe passage. No duty reposed in the possessor of such a lot to maintain its surface absolutely smooth. The wary, using due care, would realize that in such a surface there would be depressions, rises and rocks and that danger was a probable consequence of disregarding these conditions. Consequently, it cannot be responsibly said that it is negligent to allow such impedimenta of nature to remain so long as they are only those as may be expected in such a place. We conclude that there was no actionable negligence insofar as the surface of the particular parking lot in question was concerned and that had plaintiff, instead of looking at the lake, used the care as should have been used by an ordinarily prudent person walking on such a surface, she would not have been injured. Cf. *Heidt v. Lauless,* 348 S.W.2d 599, 602[2] (Mo.App.1961); *Byrnes v. National Casualty Co.,* 45 So.2d 408, 410–411 (La.App.1950).

Judgment affirmed.

All concur.