THE STATE v. WILLIAM CONRAD, Appellant.—14 S. W. (2d) 608.

Division Two, March 2, 1929.

*Gilbert Lamb* for appellant.

248

*Stratton Shartel,* Attorney-General, and *Claude E. Curtis,* Special Assistant Attorney-General, for respondent.

DAVIS, C.—On September 23, 1926, the Prosecuting Attorney of Chariton County filed an information charging that defendant, on September 15, 1926, committed rape on a female child of the age of twelve years. On change of venue to Saline County, a jury found defendant guilty, and assessed his punishment at twenty-five years in the penitentiary. The cause is here upon defendant's appeal.

The facts developed by the State warrant the finding that, on September 15, 1926, the defendant and Morris Mason arrived at the home of Fannie Hedrick, a female child of the age of twelve years, about two o'clock in the afternoon. The home was situated about four and a half miles northeast of Keytesville. There Fannie resided with her father, mother, brothers and sisters. Her father was employed by defendant in mining coal and was absent from home at work. Her mother, however, was present. Defendant and Mason brought with them a half-gallon jug of whiskey. Permission being given, defendant and Mason drank whiskey in the home. They attempted to persuade Fannie and her mother to take a drink, but Fannie would have none of it, and her mother pretended to sip it only. Mrs. Hedrick tried to persuade the men to leave, but they refused. Subsequently, defendant unsuccessfully importuned Mrs. Hedrick to permit Fannie to go with him to his orchard to gather apples. About that time Fannie's nine-year-old brother returned from school, whereupon Mrs. Hedrick assented to the children going to the orchard for apples. The defendant and Mason left the Hedrick home about three-thirty P. M., going eastwardly. The children also left the home shortly thereafter, going westwardly along the road. About a quarter of a mile from home, on arriving at a bridge, the two men met the children. The defendant took Fannie by the hand and Mason her brother. Proceeding across the bridge thus, Mason took her brother into the woods, and defendant led Fannie over a fence, across a meadow, over a second fence, into the orchard of one Minor, over a third fence and into a shallow ravine, where he threw her down. She pulled away and started to run, but he caught her and threw her down again. She holloed for her father and mother, where--

upon defendant placed his hand over her mouth. Defendant then undid Fannie's clothes and accomplished his purpose by having sexual intercourse with her. She then returned home, which was about a mile and a quarter distant, arriving about four o'clock P. M. She was crying as she entered, and, upon being asked the cause by her mother, she said, "Oh, Bill Conrad hurt me, Mamma." Her father had in the interim returned home and upon an examination blood was found on her stomach and legs. Her father wiped off some of the blood and immediately took her to a doctor at Keytesville. The doctor found her excited and nervous. He stated that she had had sexual intercourse and that the parts were swollen and bruised.

Defendant's evidence tended to show that he visited the Hedrick home on the day at the hours related; that he walked down the road with Mason, and the children, and, becoming ill, he laid down in the orchard, while Mason and the children went on. Later he heard a scream in the orchard and, in ferreting out the cause, found Mason on top of Fannie. His evidence tended to deny categorically sexual intercourse with the child. Other pertinent facts will appear in the opinion.

Section 3247, page 284a, Laws 1921, upon which the information is based, reads: "Every person who shall be convicted of rape, either by carnally and unlawfully knowing any female child under the age of sixteen years, or by forcibly ravishing any woman of the age of sixteen years or upward, shall suffer death, or be punished by imprisonment in the penitentiary for not less than two years, in the discretion of the jury."

The information filed recites: "John C. Collett, prosecuting attorney within and for the County of Chariton, in the State of Missouri, upon his official oath informs the court that at the County of Chariton and State of Missouri and on or about the 15th day of September, 1926, the defendants, Morris Mason and William Conrad, did then and there in and upon one Fannie Hedrick, a female child under the age of sixteen years, to-wit, of the age of twelve years, unlawfully and feloniously did make an assault, and her the said Fannie Hedrick then and there unlawfully and feloniously did carnally know and abuse, contrary to the form of the statute in such cases and against the peace and dignity of the State."

I. The initial alleged error involves the information. It arises out of the context of the statute on which the information is grounded. It is the position of defendant that the statutes do not define or prohibit rape, because Section 3247, supra, prescribes after conviction the punishment, without defining or interdicting the acts mentioned. Consequently, it is said, the relevant

law is the common law, under which the State must proceed, and, as a necessary element of rape, that of non-consent, is omitted from the information, it should be quashed, for at common law non-consent must be alleged and proved, irrespective of the age of the female. [22 R. C. L. 1173.] To recapitulate, defendant avers that the statute does not prohibit or interdict any act, or render any act unlawful, or declare guilty any person who commits the proscribed acts.

An examination of Section 3247, supra, demonstrates that it defines and separates the crime of rape into two classifications, that is, either by carnally and unlawfully knowing any female child under the age of sixteen years, or by forcibly ravishing any woman of the age of sixteen years or upwards. While the statute fixes, after conviction, the punishment for the crime, it also defines and interdicts the acts that constitute rape. Carnal knowledge signifies sexual intercourse and unlawfully means in violation of law. Consequently, the statute, by saying "by carnally and unlawfully knowing any female child under the age of sixteen years," means having sexual intercourse with any female child under that age in violation of law. By the use of the word "unlawful," the statute renders the act of sexual intercourse with a female child under the age of sixteen years illegal and prohibited. We have repeatedly held that a female child cannot consent to unlawful carnal knowledge if she is under the age fixed by the statute. [State v. George, 214 Mo. 262, 113 S. W. 1116; State v. Allen, 174 Mo. 689, 74 S. W. 839.] We construe the statute as reading, "Every person who, either by carnally and unlawfully knowing any female child under the age of sixteen years, or . . . shall suffer death, or . . ." etc. We think the words, "shall be convicted of rape" are surplusage. As thus read, the statute defines and prohibits designated acts. However, the defendant contends that the statute does not expressly prohibit any act or designate the perpetrator of any act guilty or declare any act a felony, but merely provides punishment after conviction. Notwithstanding the contention, it is evident that the statute, in designating the punishment, that of death or imprisonment in the penitentiary, declared the acts interdicted a felony, thus prohibiting the defined acts. [State v. Talken, 316 Mo. 596, 292 S. W. 32; Sec. 3712, R. S. 1919.] The declaration of the statute that the perpetrators of the acts shall suffer death or be imprisoned defines the acts as felonies and thus disposes of the contention. The motion to quash the information was properly overruled.

II. Defendant complains of the action of the trial court in refusing to direct the jury to acquit him. He bases this contention

on the ground that the evidence against him is unreasonable and unworthy of belief. The evidence demonstrated the probability of carnal knowledge on the part of Fannie, and she testified positively that defendant carnally knew her that afternoon. If defendant carnally knew her and she was under the age of consent, both of which the record shows, there is no doubt of defendant's guilt under the statute. That defendant was with or near Fannie on the afternoon in question cannot be doubted. It cannot be controverted that the evidence adduced not only made a prima-facie case against defendant, but pointed strongly to his guilt. The trial court did not err in this regard.

III. It is said that the trial court erred in permitting Fannie's mother to relate a conversation had with Fannie on her return after the occurrence. The conversation objected to, and admitted on the theory that it was a complaint, reads, "Oh, Bill Conrad hurt me, Mamma." Defendant objected and excepted because the conversation did not occur in his presence, because it was too remote from the time of the alleged offense, and because it was not a part of the *res gestae*.

Generally, the evidence given by a witness on the trial cannot be corroborated or confirmed by developing that the same relation of facts was previously made to another when not under oath. An exception to the rule with respect to a complaint, however, obtains in regard to the crime of rape, and the courts are in accord in holding that the fact that a complaint was made may be shown upon the examination-in-chief by the State where the complaint was uttered soon after the occurrence, and it is not necessary to wait until the prosecutrix's testimony is challenged. With the exception in force, it is evident that the objections made by defendant are not tenable. Our legal procedure with respect to rape expressly authorizes evidence of a complaint on the part of the prosecutrix, whether or not made in the presence of a defendant, on the theory of corroboration. It is also evident that the complaint made to her mother by Fannie Hedrick was not too remote from the time of the alleged offense, for it was made immediately upon the child's return home and while she was still crying. To hold the complaint admissible, we need not rule that it was competent under the hypothesis that it was a part of the *res gestae*, for it was admissible on the ground of corroboration of her testimony. [22 R. C. L. 1212.] It may be that the statement was inadmissible because it was not limited to the fact that a complaint merely was made, or that it was not voluntary (however, see 33 Cyc. 1468, last portion note 76), or that it detailed a conversation, but defendant has not objected on either of these grounds. However, it is unnecessary in this case to decide those questions, and we merely

mention them to suggest the possibility of error as to future cases. [State v. Lawhorn, 250 Mo. 293, 157 S. W. 344.]

IV. It is said that the court erred in failing to instruct the jury as to defendant's explanation of his alleged flight. The record fails to show that the trial court instructed the jury on the question of flight and it also fails to show that defendant offered an instruction involving an explanation of his alleged flight. An instruction involving flight or involving an explanation of an alleged flight are collateral to the main issues, or what is called the law of the case. The law of the case comprehends the elements of the offense charged, as shown by the evidence. All other matters are collateral. Thus, evidence of defendant's flight, or his explanation of an alleged flight, could not determine his guilt, for that could only be determined by adducing evidence that he carnally knew Fannie, and that she was under the age of sixteen years. It is true that evidence of flight or defendant's explanation thereof may be shown in corroboration of evidence tending to show his guilt or innocence, but in the final analysis the matter is collateral. We have held that it is not error for the court to fail to instruct the jury relative to a collateral matter in the absence of a requested instruction by defendant, even though such an instruction would have been appropriate. [State v. London, 295 S. W. 547; State v. Lackey, 230 Mo. 707, 132 S. W. 602; State v. Marshall, 297 S. W. 63.] An instruction to the effect that, if defendant fled to escape a mob, a presumption could not obtain against him, would have been proper if defendant had requested it. [State v. Ma Foo, 110 Mo. 7, 19 S. W. 222, 33 Am. St. Rep. 414.] There is no merit in this assignment of error.

V. It is said that the trial court erred in permitting the State to argue the effect of the alleged flight of defendant to the jury, in the absence of an instruction relative to the effect of such evidence. The evidence tends to show that defendant contemplated, the evening of the alleged outrage, departing from the community, and that he avoided arrest by secreting himself in unaccustomed places until the next day at noon, when he submitted to arrest upon information furnished through him to the sheriff. His explanation tended to show that his avoidance of arrest was superinduced by fear of a rumored mob. These facts were in evidence and the State's attorney touched upon them in his argument to the jury. The State's attorney may properly refer to the evidence adduced, and deduce from the facts theories which tend to confirm the main issues. The fact that defendant planned flight, although later abandoned, and that he seemed to avoid arrest before

254

he knew of rumors of a mob, legitimately authorized the argument that he planned flight and that he avoided arrest before he knew of rumors of a mob, which tended to corroborate evidence that tended to prove the issue of carnal knowledge and identify defendant therewith. [State v. Lassieur, 242 S. W. 900.]

The judgment should be affirmed. It is so ordered. *Higbee* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.