WM. A. H. OETTING v. MINNIE K. GREEN and FLORA LENZ, Appellants.
—No. 38164.—166 S. W. (2d) 548.

Division One, December 1, 1942.

458

*Gayles R. Pine* for appellants.

*Ike Skelton* for respondent Wm. A. H. Oetting.

460

DOUGLAS, P. J.—This is a suit in equity by a judgment creditor to set aside fraudulent conveyances of a farm in Johnson County.

In 1920 Henry Krienkamp borrowed $1,000 from plaintiff and gave his promissory note for that amount. He made interest payments on the note through 1929. In 1927 Krienkamp acquired the 109-acre farm described in the petition. In August, 1930 he conveyed the farm to C. W. Green, his son-in-law, for a stated consideration of $1. On the same date and for the same consideration Green conveyed the same farm to Emma Krienkamp, wife of Henry Krienkamp. In November, 1931 Emma Krienkamp conveyed the farm to her son-in-law, C. W. Green, for a stated consideration of $9,000. The next day Green conveyed the farm for a stated consideration of $1, through a straw party, to Minnie Green, his wife, and to Flora Lenz jointly. Minnie Green and Flora Lenz, defendants, are daughters of Henry and Emma Krienkamp. In 1935 the Krienkamps moved on the farm and are living there as tenants of their daughters. In August, 1939 plaintiff learned of Krienkamp's conveyance of the farm. He recovered judgment on his note in October, 1939. The farm was sold under execution on the judgment and plaintiff bought it. Thereupon he filed this suit.

Plaintiff's original petition was to quiet title and for ejectment. Defendants' answer denied any title in plaintiff and asserted their own title. In this state of ▓▓▓ the pleadings the case went to trial to the court without a jury. The conveyances above described were set out and admitted in an agreed statement filed with the court before the trial. Plaintiff's counsel in his opening statement to the court described the conveyances, asserted that because of the transfer Krienkamp was rendered insolvent and that such conveyances were fraudulent as to creditors. Defendants' counsel in turn stated to the court that Krienkamp had become indebted to his wife for $4,000 and the transfer to her was in satisfaction of that debt and that Krienkamp was not rendered insolvent by such transfer. The trial proceeded on the theory outlined by counsel without objection by defendants. A short time after the conclusion of the trial plaintiff filed an amended petition alleging for the first time in the pleadings the conveyances described, claiming they were voluntary and in fraud of plaintiff, a judgment creditor, and were void. Plaintiff claimed title through his purchase at the execution sale and prayed that title be adjudged in him and defendants be enjoined from asserting any claim.

A motion to strike the amended petition was filed and overruled. Thereafter a decree for plaintiff was entered adjudging him to be

the owner of the farm in fee simple and cancelling the conveyances as being void in fraud of creditors. Defendants have appealed.

Although the original petition stated merely an action at law to quiet title the parties treated it at the time of the trial as amended to ask the equitable relief pleaded later. The trial was before the court without a jury. The court and the parties tried it throughout as one to set aside fraudulent conveyances. Such was the only theory presented or considered. Defendants not only failed to offer any objection but from the outset accepted and espoused such theory and proceeded accordingly. The amended petition, filed after the trial, followed the theory of the trial and conformed to the proof. Defendants are not now in any position to object. We came to the same conclusion under similar circumstances in Adams v. Boyd, 332 Mo. 484, 58 S. W. (2d) 704. Defendants failed to include the court's refusal to strike the amended petition in their motion for new trial. For that additional reason we may not now consider it.

In determining whether plaintiff made a case we must bear in mind that he had the burden of proof in this sort of case as in any other. Castorina v. Herrmann, 340 Mo. 1026, 104 S. W. (2d) 297. After plaintiff has made a prima facie case then, because of the relationships of husband and wife, there is a strong duty on defendants to explain questionable transactions. A husband has a legal right to prefer his wife over his other creditors if she is a bona fide creditor. But at the same time the rule is well settled in this State that transactions between husband and wife to the prejudice of the husband's creditors are looked upon with suspicion. Their good faith must be so clearly shown that there can be no reasonable doubt of the honesty of the transactions. See Green v. Wilks (Mo.), 109 S. W. (2d) 859 and cases cited; Conrad v. Diehl, 344 Mo. 811, 129 S. W. (2d) 870.

Proof of badges of fraud in some instances gives rise to an inference or presumption which shifts to defendant the burden of explaining the transaction. 24 Am. Jur., Fraudulent Conveyances, sec. 218; 27 C. J., Fraudulent Conveyances, sec. 715.

A voluntary conveyance of land is fraudulent in law and void against existing creditors regardless of intent, if it includes so much of the debtor's property so as to leave him without means to pay his debts. Friedel v. Bailey, 329 Mo. 22, 44 S. W. (2d) 9. The burden shifts to the party accepting the conveyance to show that debtor has retained such means.

With these principles in mind let us look to the evidence. The deeds by which the farm was conveyed to Emma Krienkamp being for a consideration of $1 were voluntary on their face. Both she and her husband attempted to show that she had loaned her husband $4,000. She had received $1,500 from an inheritance, and the balance came from chicken money. They claimed the con-

veyance to her was in payment of such loan. However, their testimony was inconsistent and contradictory, particularly as to the time such loan was made. Emma Krienkamp testified that it was made some time after the farm was conveyed to her. If so, it was not the consideration for the transfer. Their testimony also showed Krienkamp's insolvency. The farm was the only land Krienkamp owned which was free from encumbrance. He had another farm in Saline County which was mortgaged for ▮ $22,000 and worth only the debt against it. He had a home in Concordia which later brought but the amount of the encumbrance against it, although claimed to be worth more. He had 125 hogs but they died of cholera. He attempted to show debts due him amounting to $2,975 but his testimony about them was not convincing.

The deed made in 1931 to C. W. Green, the son-in-law, was but a step in the transfer to defendants. That deed recited a consideration of $9,000 but there is no testimony to support such consideration, nor any claim made by appellants that such amount represented an actual indebtedness. The testimony was positive that no such amount changed hands at the time of the transfer, and supports the theory that such transfer was likewise a voluntary one.

▮ The conveyance to Emma Krienkamp being voluntary and fraudulent in law makes it unnecessary for plaintiff to show any fraud on her part, as grantee. The fact she was ignorant of her husband's indebtedness to plaintiff does not aid her. Wrigley v. Wrigley, 345 Mo. 207, 132 S. W. (2d) 989. The case of Citizens Bank of Union v. Hilkemeyer, 325 Mo. 849, 29 S. W. (2d) 1090 is not in point because there the court found the grantor was in prosperous circumstances when he gave his residence property to his wife and was not thereby rendered insolvent.

▮ ▮ Plaintiff put Krienkamp and his wife on the stand as his witnesses. Defendants single out their damaging statements and claim that plaintiff is bound by such statements. But that is not the rule. A plaintiff is not conclusively bound by all of the most unfavorable testimony of his witnesses where there are other facts and circumstances from which a contrary inference may be drawn. Smithers v. Barker, 341 Mo. 1017, 111 S. W. (2d) 47. The question here is not so much a matter whether plaintiff is bound by what his witnesses have said but whether he has made a case. In deciding that question the evidence must be regarded in the light most favorable to plaintiff. The chancellor found plaintiff made a case. The surrounding facts and circumstances are sufficient to uphold his decree. The testimony of the Krienkamps, although inconsistent and conflicting, might have been sufficient to have supported an opposite conclusion had the chancellor so viewed it, but he held otherwise. We defer to his finding. Cases such as this are close ones. Oftentimes the only oral evidence about the consideration for the transfer comes from

the husband and wife and both parties submit the question on their testimony. In such cases we have usually, but not always, deferred to the chancellor's ruling. See Green v. Wilks (Mo.), 109 S. W. (2d) 859; Graveman v. Huncker, 345 Mo. 1207, 139 S. W. (2d) 494.

Defendants claim that plaintiff was guilty of laches because of his delay in suing on the note. He relies on Breit v. Bowland, 231 Mo. App. 433, 100 S. W. (2d) 599. That case was quashed on certiorari by this court in State ex rel. Breit v. Shain, 342 Mo. 1148, 119 S. W. (2d) 758, and is no longer authority for defendants' contention. The latter case points out that the defense of laches does not depend on delay alone but on injury to the other party because of such delay. No such injury is shown here and the delay seems to have resulted from Krienkamp's promise to pay when he could. Furthermore, this point is not preserved for appellate review because it is not raised in the motion for new trial. For the same reason the adequacy of the consideration paid by plaintiff at the execution sale, now raised for the first time, is not properly before us.

Affirmed. All concur except *Hays, J.,* absent.