ROYAL A. WEIR v. ELIZABETH A. BAKER, MARY ELIZABETH BAKER (Also Known as Mary E. Baker), CHARLES J. BAKER, Appellants, RALPH H. ROEHRS, RICHARD C. SPACKLER, Trustee, and GEORGE R. HUNSCHE, Trustee, Defendants.—No. 40339.—209 S. W. (2d) 253.

Division One, March 8, 1948.

*D. Calhoun Jones, Philip S. Alexander* and *Jones & Alexander* for appellants.

*C. Robert Tester, Joseph J. Howard* and *Blayney, Barrett, Cook, & Fairfield* for respondent.

[254] DOUGLAS, P. J.—Plaintiff obtained a judgment on a note against Charles and Mary E. Baker, father and daughter. Then plaintiff brought this suit against them and Baker's wife, Mrs. Elizabeth Baker, Mary's mother, to set aside a conveyance dated in 1943 by Mary to her mother of residence property in St. Louis.

Mrs. Baker claims she originally acquired the residence property in 1931 but had always carried it in the name of a straw party. On February 2, 1942 Baker and his daughter Mary executed a promissory note payable to plaintiff. On July 24, 1942 the property was conveyed by the straw party, in whose name it had stood since 1931, to Mary. The promissory note was not paid and suit against Baker and Mary was instituted to collect it on December 2, 1944. Service of process was obtained on Baker and Mary on January 13, 1945. On February 5, 1945 a deed was recorded by which Mary had conveyed the property to her mother. The deed was dated January 29, 1943, but the cancellations of the revenue stamps affixed to it were dated January 29, 1945. Plaintiff recovered judgment against Baker and Mary on March 29, 1945 for $8,211, and shortly thereafter filed this suit to set aside the deed from Mary to her mother. Plaintiff obtained a decree, and defendants have appealed.

It is undisputed that the deed from Mary to her mother was without consideration, and neither Mary nor her father has any other property with which to satisfy plaintiff's claim.

The rule is well settled in this state that a voluntary conveyance which renders the grantor insolvent and unable to pay creditors is presumptively fraudulent as to such creditors. Consequently the burden rests on the party accepting the conveyance [255] to establish facts which will rebut the presumption that grantor's conveyance was made with fraudulent intent as to creditors. McCluer v. White, 338 Mo. 1017, 93 S. W. (2d) 696; Oetting v. Green, 350 Mo. 457, 166 S. W. (2d) 548.

To rebut such presumption of fraud Mrs. Baker attempted to prove her daughter Mary held only the legal title to the property and at all times the equitable title was in her. Of course if she established her equitable title to the property, the plaintiff, a creditor of the grantor daughter, would not be permitted to subject the property to his judgment. As a rule a creditor is not entitled to avoid a con-

veyance by his debtor of property to which the debtor has no such title as could be subjected to the payment of the claim. In the absence of elements of estoppel, and there is no estoppel here, a conveyance of property held in trust to the beneficial owner by a debtor is not fraudulent as to the debtor's creditors.

In order to establish her equitable title to the property Mrs. Baker introduced a petition for an injunction against foreclosure which she filed in 1933 in the United States District Court in connection with a bankruptcy proceeding she had instituted for the purpose of extending the maturity of her debts and for making a composition of them. In that petition, which she verified, she stated she was the owner of the property in question. But that action was finally dismissed for failure to prosecute, and her assertion of title therein is not sufficient by itself to establish title.

Furthermore, her testimony at the trial below was confused and contradictory. She attempted to show that the property was purchased for her by her husband for $11,000 of which Mrs. Baker turned over to her husband $1,500 in cash as the down payment; that subsequently she paid all taxes, and reduced the indebtedness on the property by $2,500, all with funds she received from her parent. The trial judge did not find the evidence sufficient to establish Mrs. Baker's equitable title. Mary Baker, although present at the trial, did not take the stand. We have held in a similar case that the failure of defendants to testify as to facts well within their knowledge which, unexplained, amount to badges of fraud or suspicious circumstances, may be regarded as corroboration of such inferences as would naturally flow from such suspicious circumstances. McDonald v. Rumer, 320 Mo. 605, 8 S. W. (2d) 592.

On the other hand, there was testimony of both Mrs. Baker and her husband that the property was bought for $13,000 by Baker who put up some of his own property as part consideration for the purchase; that his wife advanced him $1,500 but how much of this went into the property was uncertain; that neither Mr. nor Mrs. Baker kept any accounts; that the property was acquired in a three-cornered deal which required the Bakers to put up more than the $1,500, but neither Mr. nor Mrs. Baker could give the precise details of the deal. Mrs. Baker admitted her memory of the transaction was not clear and Mr. Baker testified he did not know what he did with the $1,500.

To show that title to the property had been vested in Mrs. Baker by an unrecorded deed from the straw party, a torn portion of a deed was introduced. This did not show the name of either the grantor or the grantee but merely referred to the grantee as a female. Baker admitted tearing the deed in order to give back the portion containing the grantor's signature to the straw party. But the trial judge did not have to accept this as a satisfactory explanation of the

destruction of the deed. The destruction of evidence without a satisfactory explanation gives rise to an inference unfavorable to the spoliator. Gaugh v. Gaugh, 321 Mo. 414, 11 S. W. (2d) 729.

Thus, we find in this case a concurrence of several badges of fraud which amply support the finding of the trial judge that the conveyance by Mary to her mother was in fraud of plaintiff, a judgment creditor. The deed in question was voluntary and rendered the grantor insolvent; the deed was withheld from record for some two years after its date; the deed was recorded after the suit on the note was filed and service obtained; the testimony of defendants was vague and indefinite, and one [256] failed to testify; and finally while a conveyance from a daughter to her mother is not necessarily fraudulent, yet when joined with the suspicious circumstances herein set out, it may be regarded as a badge of fraud.

It is disputed that record title to the property was in Mary. Since record title is the best evidence of ownership the trial court properly held plaintiff's judgment against Mary to be a lien against such property.

Judgment *affirmed*. All concur.