**STATE of Missouri, Respondent,**

v.

**Roy E. COOK, Appellant.**

**No. 47614.**

Supreme Court of Missouri,

Division No. 1.

Feb. 8, 1960.

No appearance for appellant.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondent.

HYDE, Presiding Judge.

Defendant was found guilty of rape and his punishment assessed at 12 years in the penitentiary. Defendant has appealed from the judgment and sentence entered; but defendant filed no motion for new trial so there can be nothing before us but the record which we must consider and render judgment upon under the requirements of Rule 28.02, 42 V.A.M.S.

The information was filed in Barry County and the case went to Lawrence County on change of venue. Defendant was brought from the penitentiary to Lawrence County in September, 1958, pursuant to a writ of habeas corpus ad prosequendum; and a member of the Bar, J. Hal Moore, appointed to defend him. The case was continued and then tried at the January 1959 term. At that term, the State renounced the death penalty; and, at the request of defendant, Mr. Moore was released from duty to defend and defendant conducted his own defense. Defendant filed a petition for a writ of habeas corpus, a motion to dismiss for want

**588**

of jurisdiction and a motion to be discharged because of double jeopardy, all of which were overruled. No evidence was offered by defendant. The record shows the verdict of the jury on January 21, 1959, and allocution and judgment and sentence in accordance with the verdict on that date. On May 13, 1959, defendant filed a motion for leave to file a special order of appeal which we granted June 8, 1959.

 The information was sufficient to charge the crime of forcible rape in violation of Section 559.260 RSMo 1949, V.A.M.S., following the language of the statute. We note that it does not state the victim of the assault was a female but did state that *"her"*, naming the person assaulted (giving her first name as "Eleanor"), defendant "unlawfully, forcibly and against *her* will, feloniously did ravish, etc." In State v. Cooley, Mo.Sup., 289 S.W. 807, 809, we said: "The failure to charge that the prosecutrix was a female is not a tenable objection to the information. The assault was alleged to have been committed upon 'Catherine' Ottley, whose given name is clearly indicative of her sex; in addition, the use twice thereafter in the information of the pronoun 'her' is of like signification and confirms the conclusion that Catherine Ottley was a female." See also State v. Miller, 191 Mo. 587, 605, 90 S.W. 767, in which several earlier cases making the same ruling are cited. The verdict found defendant "guilty of rape as charged in the information"; and so was responsive to the issues tendered by the information and defendant's plea of not guilty. The punishment assessed was within the range authorized by Sec. 559.260. Defendant was granted allocution and the sentence was responsive to and in accordance with the verdict of the jury. Thus no error appears from the record.

The judgment is affirmed.

All concur.