**STATE of Missouri, Respondent,**

**v.**

**Leroy FRANKUM, Appellant.**

**No. 52436.**

Supreme Court of Missouri,
Division No. 1.

March 11, 1968.

Norman H. Anderson, Atty. Gen., B. J. Jones, Asst. Atty. Gen., Jefferson City, for respondent.

Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

STORCKMAN, Judge.

On September 17, 1964, the defendant entered a plea of guilty in the Circuit Court of Scott County and a judgment was rendered convicting him of statutory rape. He was sentenced to eight years in the custody of the department of corrections and has since then been confined. On October 27, 1965, he filed a motion under S.Ct. Rule 27.26, V.A.M.R. to vacate and set aside the judgment and sentence and counsel was appointed to represent him as an indigent person. A hearing was held in circuit court, his motion was overruled, and he was permitted to appeal as a poor person. Counsel was also appointed to represent the defendant on appeal, but at his insistance appointed counsel was relieved and he is now represented by counsel of his own choice.

The first of the two points presented on appeal states that the defendant "was arrested for, waived preliminary hearing on a charge of, and believed he was pleading guilty to, a charge of incest, and therefore the judgment of conviction for rape should have been set aside and vacated." His other contention is that the "information was fatally defective, vague, indefinite, and attempted to allege numerous offenses, but failed to allege the essential elements of any offense."

On June 22, 1964, a complaint for a state warrant was subscribed and sworn to by Shearry Frankum before the clerk of the magistrate court of Scott County, Missouri, in which the prosecutrix stated that "Leroy Frankum did * * * wilfully and unlawfully and feloniously, molest me by placing his hands on my private parts and did commit fornication with me in the months of July and August of 1961 and August of 1962 and did attempt to fornicate with me from that time until the date of this complaint, by making lewd and improper suggestions to me, by threatening me with bodily injury if I did not submit to said improper advances, in a manner that was unlawful in that my present age as of December 9th, 1963 is 14 years of age, * * *." Leroy Frankum was the father of Shearry but the complaint did not so state nor did it allege any degree of consanguinity between the parties. Nevertheless, the warrant issued by the clerk of the magistrate court asserted that a complaint had been filed in magistrate court charging that Leroy Frankum had "committed the crime of Incest."

The defendant was taken into custody and on June 23, 1964, he with his attorney Kenneth L. Dement appeared before the magistrate. The charges were read and on application of the defendant the preliminary hearing was continued to July 7,

1964, and the amount of his bond was set. On June 30, 1964, Mr. Dement withdrew as attorney for the defendant. On July 7, 1964, the defendant appeared in person and again heard the charges read. The magistrate court advised the defendant of his rights to trial and legal counsel. The cause was then continued to July 14, 1964, to give the defendant further time to procure legal advice. On July 14 the defendant appeared in person, again heard the charges read, and waived his preliminary hearing. His bond was continued for his appearance in circuit court.

The information filed in the circuit court was practically identical with the complaint set out above. The prosecuting attorney charged that "the said defendant(s) Leroy Frankum on, or about, the __day of July, Aug., 1961 Aug. 1962 A.D., 19__, and within three (3) years next before the filing of this information, at the said County of Scott, in the State of Missouri, did then and there, willfully, unlawfully and feloniously molest Shearry Frankum by placing his hands on her private parts and did commit fornication with her in the months of July and August of 1961 and August of 1962 and did attempt to fornicate with her from that time until the date of this complaint, by making lewd and improvper suggestions to her by threatening her with bodily injury if she did not submit to said improper advances, in a manner that was unlawful in that her present age as of December 9, 1963, is 14 years of age, and as a result such actions were * * * contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State." In a blank space on the face of the information, two statutes were listed, § 563.160 relating to molesting a minor and § 559.260 dealing with statutory rape.

On July 23, 1964, the defendant advised the circuit court that he was without funds to employ a lawyer and Dwight Crader was appointed to represent him. On August 13, 1964, the defendant was formally arraigned and entered a plea of not guilty.

At the setting of the case for trial on September 17, 1964, the defendant appeared with his counsel, withdrew his not guilty plea and entered a plea of guilty. The judgment rendered states that the defendant voluntarily entered a plea of guilty to the charge of statutory rape.

On October 27, 1965, the defendant filed his motion under S.Ct. Rule 27.26 to set aside the judgment and sentence. Mr. James S. Green was appointed as legal counsel for the defendant and a hearing was held at which the defendant was present. He testified that he thought he was pleading guilty to a charge of incest, that he did not know what the charge of incest included, that is what he was informed and is the reason he pleaded guilty, that after he got to prison he learned he was sentenced on a charge of statutory rape. On cross-examination the defendant testified he had his own counsel at the time bond was set, that the magistrate read the charges made against him, that he had appointed counsel in the circuit court and that the circuit judge also read the charges to him. Mr. Dement testified that he counseled with Leroy Frankum in June 1964, but that he could not state specifically that he did or did not discuss the charge or the merits of the charge, that the defendant failed to pay his fee and he withdrew from the case. The hearing was concluded with extensive argument by counsel. Thereafter, the trial court made findings and overruled the motion. From this ruling the defendant appealed.

 The defendant's first contention is that the judgment of conviction for statutory rape should be set aside because he believed he was pleading guilty to a charge of incest. On the factual side he asserts he was arrested for and waived a preliminary hearing on a charge of incest. As previously noted the warrant designated the alleged offense as incest, but the clerk of the magistrate court was not justified in drawing that conclusion from anything in or on the complaint because it did not dis-

close the existence of the consanguinity between Leroy and Shearry Frankum which is necessary to constitute the crime of incest under § 563.220. Any information of that sort had to come from the clerk's independent knowledge and not from the complaint. Defects in the complaint filed in the magistrate court and the warrant issued go only to the validity of the arrest and, if the accused proceeds to trial or pleads guilty without objection, such defects are waived. State v. Gunther, Mo., 415 S.W.2d 733, 736 [2, 3]; State v. Ninemires, Mo., 306 S.W.2d 527, 529 [3, 4]; State v. Herron, Mo., 376 S.W.2d 192, 193 [2]; State v. Testerman, Mo., 408 S.W.2d 90, 92 [3, 4]; State v. Keeble, Mo., 399 S.W.2d 118, 120 [8, 9]; State v. Turner, Mo., 353 S.W.2d 602, 604 [5]. Since timely objection was not made, the fact that the crime charged was improperly designated in the magistrate court does not afford grounds for setting aside the judgment and sentence rendered on the information filed in the circuit court.

Other than this mistaken designation of the offense in the magistrate court, there is no support for the defendant's assertion at the hearing on the motion that he thought he was pleading guilty to incest. After the warrant was served on him, he consulted with counsel in the magistrate court. After the information was filed, counsel was appointed for the defendant in circuit court and it was two months before the case was set for trial. This ground was not included in the motion to set aside which was filed more than a year after he had gone to prison. It first appeared as the defendant's conclusional assertion while he was testifying. He does not claim that the circuit court, the prosecutor, or his counsel misled him in any manner or particular. In the circumstances related, the defendant's bare assertion that he "believed he was pleading guilty to a charge of incest" is not persuasive that the trial court erred in overruling his motion to vacate.

In addition to court rules and statutory and constitutional provisions, the defendant cites three Missouri decisions in support of his first contention. State v. Bowles, Mo., 360 S.W.2d 706, is cited for the proposition that an accused cannot be brought into court to answer a charge of a commission of one offense and be convicted of an entirely different offense. The state's evidence in the Bowles case tended to show several acts of molestation but defendant's defense of alibi did not cover all of the dates mentioned. A verdict-directing instruction authorized a verdict of guilty if the jury found the defendant had committed an act of molestation at any time within three years next before the charge was filed. On appeal this instruction was held erroneous in that the state should have been required to elect on which charge it would go to the jury. State v. Hovis, 353 Mo. 602, 183 S.W.2d 147, and State v. Bursby, Mo., 395 S.W.2d 155, are cited for the proposition that a plea of guilty like a confession out of court should not be received unless it is freely and voluntarily made, and if a defendant should be misled or induced to plead guilty by fraud or mistake, by misapprehension, fear, prosecution, or the holding out of hopes which prove to be false or ill-founded, he should be permitted to withdraw his plea. There is no showing that any such prohibited activities tainted the proceedings in the circuit court or influenced the plea of guilty.

The defendant mistakenly asserts that the record entry of the judgment is the only place that the offense charged is designated "statutory rape". In a blank space on the face of the information filed in circuit court these two sections of the statutes are referred to: Section 563.160 which defines the offense of molesting a minor with immoral intent and § 559.260 defining rape "either by carnally and unlawfully knowing any female child under the age of sixteen years, or by forcibly ravishing any woman of the age of sixteen years or upward". Section 563.220 defining incest was not mentioned and the

information was not sufficient to charge that crime because there was no allegation of any blood relationship of the parties. Nothing was said or done in the circuit court that could reasonably be said to have misled the defendant into believing that he was charged with the offense of incest.

The defendant also cites S.Ct. Rule 25.04 which provides that a trial court shall not accept a plea of guilty without first determining that the plea is made voluntarily with understanding of the nature of the charge. He further cites S.Ct. Rule 27.25 which provides that a motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended. The rule further provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." The evidence in this case does not tend to show that a manifest injustice was accomplished or that the rules referred to have been violated in any other manner. The contention that the defendant believed he was pleading guilty to a charge of incest is not substantiated by the record and is denied. Mackey v. Kaiser, Mo., 187 S.W.2d 198, 199–200 [2].

The defendant's next and final contention is that "the information was fatally defective, vague, indefinite, and attempted to allege numerous offenses, but failed to allege the essential elements of any offense." The judgment in question is a conviction of statutory rape, the definition and penalty of which is set out in § 559.260, RSMo 1959, V.A.M.S. Insofar as here pertinent the statute reads as follows: "Every person who shall be convicted of rape, * * * by carnally and unlawfully knowing any female child under the age of sixteen years * * * shall suffer death, or be punished by imprisonment in the penitentiary for not less than two years, in the discretion of the jury." The language of the information which relates directly to the offense of statutory rape alleges that the defendant Leroy Frankum on dates specified "did then and there, willfully, unlawfully and feloniously * * * commit fornication with her [Shearry Frankum] in the months of July and August of 1961 and August of 1962 * * * in a manner that was unlawful in that her present age as of December 9, 1963, is 14 years of age". While the information does not allege the victim to be a female, the fact that the first name is that of a girl and the information in referring to the victim six other times uses the pronoun "her" is sufficient to establish that the victim of the assault was a female. State v. Cook, Mo., 331 S.W.2d 587, 588 [2]. The age of the female is stated in the information to be fourteen years. These allegations are sufficient to satisfy the statutory requirement that the victim is a "female child under the age of sixteen years".

The act of fornication is commented on and, defined in State v. Tartenaar, Mo., 371 S.W.2d 192, 194 [3], as follows: "We have no statutory definition of the act of fornication. Therefore, when used the term is to be given its meaning under the common law, Section 1.010, which is the 'illicit sexual intercourse between a man, whether married or single, and an unmarried woman.' 37 C.J.S. Fornication § 1." The term, carnal knowledge, as used in § 559.260 is defined and explained in State v. Conrad, 322 Mo. 246, 14 S.W.2d 608, 609 [1], as follows: "Carnal knowledge signifies sexual intercourse and unlawfully means in violation of law. Consequently, the statute, by saying 'by carnally and unlawfully knowing any female child under the age of sixteen years,' means having sexual intercourse with any female child under that age in violation of law." Thus, fornication and unlawful carnal knowledge both have a meaning of illicit sexual intercourse. The result is that the statutory term of carnally and unlawfully knowing is satisfied by the use of the allegation that the defendant wilfully, unlawfully and feloniously committed fornication with Shearry Frankum. Although the incest statute, § 563.220 also

uses the term fornication, the information contains no allegation that the parties named are within the prohibited degrees of consanguinity. The information contains the essential elements of a charge of statutory rape. Mackey v. Kaiser, Mo., 187 S.W.2d 198, 199 [1]. It is not sufficient as a charge of incest.

■ The information contains some additional language commonly used in charging the crime of molesting a minor in violation of § 563.160, such as placing his hands on the minor's private parts, making lewd and improper suggestions, and further attempting to fornicate with her. Even if we assume that these additional allegations are sufficient to charge the offense of molesting a minor with immoral intent, the mere joinder of the two offenses would not render the information fatally defective in the circumstances. In State v. Small, Mo., 386 S.W.2d 379, 382, it is stated that "the rape of a child is also a molestation of such child." It is obvious that more than one offense may arise out of the same act.

■ The constitutional provision that the accused in a criminal prosecution has the right to demand the nature and cause of the accusation means that the indictment or information must be sufficiently definite to enable him to prepare his defense and to constitute a bar to further prosecution for the same offense. Art. 1, § 18(a), Constitution of Missouri 1945, V.A.M.S.; State v. Tandy, Mo., 401 S.W.2d 409, 412 [2]. Where an indictment or information alleges the essential facts constituting the offense charged but fails to inform the defendant of the particulars of the offense sufficiently to prepare his defense, the court may direct or permit the filing of a bill of particulars under S.Ct. Rule 24.03. A failure of the indictment or information to give all desired details may be waived by the defendant's failure to request a bill of particulars. State v. Kesterson, Mo., 403 S.W.2d 606, 611 [5].

■ S.Ct. Rule 24.04 designates certain offenses which may properly be joined in the same indictment or information and provides that any indictment or information may contain counts for the different degrees of the same offense or for any one of such degrees. See also § 560.110. However, the joinder of distinct felonies does not render the indictment or information in which they are joined bad as a matter of law. State v. Terry, Mo., 325 S.W.2d 1, 4 [1]; State v. Gholson, Mo., 292 S.W. 27, 28 [2–5]. See also State v. Harris, 283 Mo. 99, 222 S.W. 420, 421–422 [1]. The cases also hold that where two or more felonies are charged in the same indictment or information, the court should require the state to elect at the close of the evidence on which count it will go to the jury. As a general rule the objection that distinct felonies have been improperly joined in the same indictment or information must be raised by the defendant at the trial stage of the prosecution and when this is not done the right to object is waived. State v. Terry, Mo., 325 S.W.2d 1, 4 [4, 5].

■ The defendant's contention that the information failed to allege the essential elements of any offense is denied. As we have demonstrated, the information sufficiently charged the crime of statutory rape. That is the only crime of which the defendant was convicted. In this circumstance we need not determine if any other crime was alleged except as such determination would bear on the additional contention that the information was fatally defective in that it was vague, indefinite and attempted to allege numerous offenses. The central factual allegation is that the defendant had unlawful intercourse with a female child under sixteen years of age. The other factual allegations were unnecessary but they are not at variance with the means and manner in which the unlawful act was accomplished. S.Ct. Rule 24.01 admonishes the pleader for the state that the indictment or information "shall be a plain, concise and definite

**190**

written statement of the essential facts constituting the offense charged." If sufficient particulars are not alleged for the defendant to prepare his defense, he may get them under Rule 24.03 by a bill of particulars. The information in this case is not a model by any means. It is an example of how to create needless problems. On the other hand, the excess verbiage does not detract sufficiently from the basic charge of statutory rape so as to make the information vulnerable to the defendant's charge that it is fatally defective. The contention is denied.

We have considered all of the questions presented by the defendant on appeal and find them to be without merit. Accordingly, the judgment is affirmed.

All of the Judges concur.