William M. BUXTON, d/b/a Renaissance Cabinets of St. Louis, Plaintiff-Respondent,

v.

William E. HORN, d/b/a Bill Horn Construction Co., Defendant-Appellant.

No. 33481.

St. Louis Court of Appeals, Missouri.

Feb. 24, 1970.

Lowell C. McGowen, Clayton, for plaintiff-respondent.

Meyer, Traeger & Fletcher, Clayton, for defendant-appellant.

CLEMENS, Commissioner.

Plaintiff William Buxton, a dealer in cabinets, sued defendant William Horn, a general contractor, for the $1,306 quoted price of cabinets furnished for a new home Mr. Horn was building for Mr. and Mrs. Louis Cardosi. Defendant, although he was a general contractor obligated to furnish and install cabinets in the new home, contends he was not dealing with plaintiff Buxton on his own account but only as agent for the Cardosis. Tried without a jury, the trial court gave plaintiff judgment for the quoted price plus interest. Defendant appeals.

We note the scope of our review. Under Civil Rule 73.01, V.A.M.R. we review the case on both the law and the evidence, "limited, however, to the specific matters urged on appeal." DeBow v. Higgins, Mo., 425 S.W.2d 135[2]; Schlanger v. Simon, Mo., 339 S.W.2d 825 [1]. Defendant's first three Points Relied On specifically contend the trial court erred in denying his motion for a directed verdict filed at the close of the evidence.[1] A defense motion for directed verdict challenges the sufficiency of a plaintiff's evidence to make a case. Civil Rule 72.01, V.A.M.R.; Abel v. Campbell, 66 Express, Inc., Mo.App., 378 S.W.2d 269[1]. In determining that issue we consider the admitted facts, treat plaintiff's evidence and its reasonable inferences as true, and disregard defendant's evidence except insofar as it aids plaintiff's case. Hunter v. St. Louis Southwestern Railway Company, Mo., 315 S.W.2d 689[1]; Oetting v. Green, et al., 350 Mo. 457, 166 S.W.2d 548[12]; Southwest Distributors, Inc. v. Allied Pa-

---

1. In a court-tried case this might more logically be called a "motion for judgment" but Civil Rule 72.01, V.A.M.R. says a "motion for a directed verdict" replaces both "demurrers", formerly used in jury-tried cases, and the "request for peremptory instructions", formerly used in court-tried cases.

per Bag Corporation, Mo.App., 384 S.W.2d 838[2].

So considering the evidence we find these to be facts: In the fall of 1965 defendant Horn phoned plaintiff Buxton, telling him that he, defendant Horn, was the general contractor building a home for Mr. and Mrs. Louis Cardosi and the construction contract called for kitchen and bathroom cabinets. Mr. Horn and Mr. Buxton discussed generally the cost and quality of Mr. Buxton's custom-made cabinets. This conversation led to a meeting at Buxton's shop in October, 1965. Mr. Horn brought blueprints showing locations of the cabinets. He also brought Mr. and Mrs. Cardosi, who selected the color, style and trimmings of the cabinets Mr. Horn was to install. It is customary for general contractors to bring owners to suppliers to do this. The Cardosis were strangers to Mr. Buxton; he never communicated with them again. He considered them as Mr. Horn's customers, not his own. Mr. Buxton quoted a price of $1,148 and Mr. Horn said he wanted delivery in December so Mr. Buxton went to the new house, took measurements and then made detailed drawings showing sizes, styles and materials. On November 2, 1965 he mailed these drawings to Mr. Horn, along with a written proposal addressed to Mr. Horn to furnish the cabinets for $1,148. On November 17, 1965 the drawings were returned to Mr. Buxton with acceptance noted over Mr. Cardosi's signature. General contractors usually have owners approve such plans to avoid later complaints. Mr. Horn phoned Mr. Buxton and told him to go ahead with the cabinets and Mr. Buxton began assembling them. On December 17, 1965, at Mr. Horn's direction Mr. Buxton had the cabinets delivered to the new house. Mr. Horn installed them and expressed his satisfaction. Some four months later Mr. Buxton called Mr. Horn to inquire about payment and was told the Cardosis were dissatisfied with the home, that construction funds were in escrow and although Mr. Horn had signed a voucher for Mr. Buxton's bill the Cardosis had declined to sign. Mr. Buxton was never paid. This was the plaintiff's case.

■ The defense that defendant Horn was not acting in his own behalf but only acting as agent for the Cardosis is refuted by parts of defendant's own evidence. He introduced the construction contract between him and the Cardosis. It obligated Mr. Horn to furnish all labor and materials, including cabinets, for $37,300 "subject to additions and deductions." This contract price was based on certain "allowances" for numerous construction items. The allowance for cabinets was $650. That amount could be increased by the owners' selecting more expensive items, and the overall contract price due Mr. Horn by the Cardosis was to be adjusted accordingly.

■ Defendant challenges the sufficiency of the evidence in three particulars. First, he says he did not promise to pay for the cabinets. From Mr. Horn's conduct in declaring he was a general contractor, ordering the cabinets, knowing the quoted price, and accepting them, his promise to pay is readily inferable. Bybee v. Dixon, Mo.App., 380 S.W.2d 539[9]; Kosher Zion Sausage Company of Chicago v. Roodman's, Inc., Mo.App., 442 S.W.2d 543 [2].

■ Defendant further claims the evidence did not support the judgment since it failed to show any consideration for a promise to pay for the cabinets. Not so. Either a benefit to a promisor or a detriment to a promisee is sufficient consideration to support a contract. Feinberg v. Pfeiffer Company, Mo.App., 322 S.W. 2d 163[6]. Both elements existed here. Plaintiff suffered a detriment by making and surrendering the cabinets; this act benefitted the defendant by discharging him from that part of his contract obligation to the Cardosis. Consideration was not lacking.

Next, in related points, defendant advances the proposition that an agent is not liable for contracts made on behalf of a disclosed principal. He challenges the trial court's denial of his motion for a directed verdict, contending that the plaintiff knew defendant was not acting on his own account but merely as agent for the Cardosis, who had ordered the cabinets. The evidence refutes this contention.

Last, defendant belatedly raises the statute of frauds, § 400.2-201, V.A.M.S. He acknowledges the exception in subparagraph (3) (c) of that section concerning goods that have been received and accepted. The evidence shows that the defendant did receive and accept the cabinets. See § 400.2-606, V.A.M.S. The point is denied.

Finding no error we affirm the judgment.

PER CURIAM.

The foregoing opinion by CLEMENS, C., is adopted as the opinion of this Court. Accordingly, judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.