John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Brendan Ryan, Circuit Atty., St. Louis, for respondent.

**L. S., Plaintiff-Respondent,**

v.

**L. M. S., Defendant-Appellant.**

**No. 36942.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

June 29, 1976.

754

**754**

Dulin, King, Parres & McDowell, St. Louis, for defendant-appellant.

Dallas Cox, Sr., Cox, Moffitt & Cox, St. Louis, for plaintiff-respondent.

STEWART, Judge.

L.S., plaintiff, brought an action for Declaratory Judgment against his former wife, L.M.S., and her daughter, D.M.S., asking the court to declare that D.M.S. is not the child of plaintiff.[1] In a court-tried case judgment was entered declaring that D.M.S. was not plaintiff's child. Defendant L.M.S. appeals. We affirm.

We shall hereafter refer to L.S. as plaintiff and to L.M.S., the mother, as defendant.

In this court-tried case the parties did not request and the court did not enter findings of fact or conclusions of law. The defendant does not challenge the sufficiency of the evidence to support the judgment of the trial court. Defendant seeks only a new trial based upon the alleged erroneous admission of evidence proffered by plaintiff and the rejection of evidence proffered by defendant.

■ In clarifying appellate review in a court-tried case under Rule 73.01 the Supreme Court in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), said:

" . . . the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong. The use of the words *de novo* and *clearly erroneous* is no longer appropriate in appellate review of cases under Rule 73.01."

We undertake the above review only in respect to the specific matters urged by appellant. We may not become the advocate of one of the parties and search the record in an effort to find a theory and facts to support it, "to establish a general assertion that the trial court reached the wrong result." *Schlanger v. Simon,* 339 S.W.2d 825, 828 (Mo.1960); *Buxton v. Horn,* 452 S.W.2d 250 (Mo.App.1970).

Defendant's contentions are that the court erred: (1) in admitting the deposition testimony of defendant and the testimony of defendant's former attorney concerning a statement she made to the attorney, in violation of the attorney-client privilege; (2) in admitting secondary evidence of a letter written by defendant to plaintiff in which defendant was said to have admitted that she was pregnant by one other than

1. Originally the prosecuting attorney was joined in this action as a defendant. Plaintiff sought to enjoin the prosecution of a non-sup- port action in the magistrate court. Plaintiff dismissed as to the prosecuting attorney.

plaintiff, because the letter had been voluntarily destroyed by plaintiff; (3) in failing to permit defendant, on re-direct examination, to explain answers to a question propounded to her on cross-examination.

■ Error in the admission and rejection of evidence in a court-tried case does not have the same significance accorded such error in a jury trial. Such error in the court-tried case is not cause for reversal because " . . . the appellate court considers such evidence in the record as deemed admissible, and excludes from consideration evidence improperly admitted and reaches its judgment on the competent evidence offered without regard to the trial chancellor's ruling." *Linders v. Linders,* 356 Mo. 852, 204 S.W.2d 229, 234 (Mo.1947); *Martin v. Norton,* 497 S.W.2d 164, 169 (Mo. 1973).

The defendant testified upon her deposition, without objection, that she told a lawyer whom she had consulted that she was pregnant by one R.M. The lawyer was called as a witness and over defendant's objection was required to testify to the admission made to him by defendant. Defendant also objected to the reading of that portion of her deposition respecting this admission. Defendant contended that the conversation was within the attorney-client privilege which had not been waived by her deposition testimony. Defendant cites *Hemminghaus v. Ferguson,* 358 Mo. 476, 215 S.W.2d 481 (Mo.1948), a personal injury case involving the physician-patient privilege. *Hemminghaus* was overruled, insofar as the physician-patient privilege is concerned in those actions in which plaintiff has put her physical condition into issue. *State ex rel. McNutt v. Keet,* 432 S.W.2d 597 (Mo. banc 1968). While we have doubts as to the soundness of the rule enunciated in *Hemminghaus,* we do not feel that this is the proper case for an extended discussion. Without specifically ruling the point we shall ignore this evidence in our review of the case.

Defendant next contends that the court erred in permitting plaintiff and others to give oral testimony of the contents of a letter which she sent to plaintiff, and which had been destroyed by plaintiff.

It is admitted that defendant had written a letter to plaintiff from Cleveland, Ohio, shortly before the baby was born. Plaintiff testified that he destroyed the letter because defendant in the letter asked him to do so because she did not want their son to see the letter. The letter was destroyed before defendant accused plaintiff of being the father of D.M.S. Plaintiff testified that in the letter defendant had written that she was pregnant by R.M.

■ The question of the admissibility of secondary evidence of a document which has been destroyed by the party seeking to introduce it rests within the sound discretion of the trial court. The fact that a party has voluntarily destroyed the document does not of itself preclude him from producing secondary evidence of its contents. The court must look to all the circumstances surrounding the destruction to determine the good faith of the party. *Stephan v. Metzger,* 95 Mo.App. 609, 69 S.W. 625 (1902). In this case it is evidence that the court gave credit to plaintiff's explanation for the destruction of the letter and that it was destroyed before the controversy between the parties arose. We find no abuse of discretion on the part of the trial court in the admission of this evidence.

Defendant's contention that she was not permitted, on re-direct examination, to explain an answer that she had given on cross-examination need not be considered. The question involved the conversation which defendant had with the lawyer she had consulted before the baby was born. We are excluding all testimony of that nature from our consideration.

■ We have carefully reviewed the evidence in this case. We state the facts briefly. An exhaustive statement of the facts would be of no precedential value.

Plaintiff and defendant had been married since December 23, 1950, and had one son, D.S., who was born March 30, 1957. The child, D.M.S., was born in Cleveland, Ohio, on November 23, 1968. Medical records dis-

closed an interuterine pregnancy of 266 days. The name of a father was not put on the birth certificate. Plaintiff and defendant had been divorced on February 13, 1968. Defendant testified that she and plaintiff had intercourse which she described as "rape" on February 11, 1968. She said that she had taken some sleeping pills that night. Plaintiff testified that the last time they had intercourse was in November of 1967.

Defendant admitted having told plaintiff and their son that R.M. was the father of D.M.S. She advised them that R.M. had raped her on the occasion of the conception of the child. She also admitted telling Sister Jean, the superior of the home where she stayed when the child was born, that R.M. was the father. Defendant's brother-in-law, her sister's husband, testified that she also told him that R.M. was the father.

Defendant met R.M. in October of 1967, shortly before the divorce action was filed. She admitted to having had intercourse with R.M. on at least three occasions. The last occasion was about March 16, 1968. She characterized this occasion as "rape."

Viewing the admissible evidence as a whole and giving due regard to the opportunity of the trial court to have judged the credibility of the witnesses,[2] there was sufficient substantial evidence to support the judgment of the trial court. We further find that the judgment is not against the weight of the evidence. *Murphy v. Carron, supra.*

The judgment of the trial court is affirmed.

CLEMENS, P. J., and DOWD, J., concur.

**2.** Rule 73.01—subdivision 3(b).