STATE of Missouri, Plaintiff-Respondent,

v.

Paul Michael SMITH, Defendant-Appellant.

No. 37531.

Missouri Court of Appeals, St. Louis District, Division Three.

Aug. 10, 1976.

---

Robert C. Babione, Walter Sheata, Asst. Public Defenders, St. Louis, for defendant-appellant.

Brendan Ryan, Circuit Atty., St. Louis, John C. Danforth, Atty. Gen., Preston Dean, W. Mitchell Elliott, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

SIMEONE, Presiding Judge.

Defendant-appellant, Paul Michael Smith, was found guilty of the offense of sodomy and sentenced under the second offender act to six years in the department of corrections. §§ 563.230, 556.280, RSMo 1969; *State v. Crawford*, 478 S.W.2d 314 (Mo.1972). The cause was tried to the court, the defendant having waived a jury.

There is no need to detail the sordid facts in the record, since the appellant does not raise any issue as to the sufficiency of the evidence. Suffice it to say that the evidence shows that the appellant committed an act of sodomy *per os* upon a young nine-year-old boy. The young boy testified, after being found competent, as to the details. The defendant testified and denied the incident. The appellant's sole point on appeal is that the trial court erred in admitting certain testimony of the mother of the victim.

During the mother's direct testimony she was asked by the prosecutor:

"Q. Could you describe for us the condition of [the victim], what you saw him to be when he came home?

"A. Well, it was supper was [sic] on the table, he came in the door, and he was sobbing, and crying and carrying on and was hollering Paul [Smith] was breaking his arm and choking him—

"[Defense Counsel]: I will—

"Q. (By [prosecutor:]) Not what he said. Could you describe for us how he looked.

"A. He was upset and frustrated. His face was red and he was crying and sobbing."

Appellant contends on appeal that the testimony of the mother was hearsay, was not part of the res gestae and violated the principle that while a witness may testify as to the fact that a complaint was made by the victim, the witness may not testify as to the details of the complaint. The state in its brief does not address this issue but is

content to contend that there was no error because (a) the answer was unresponsive and (b) error if any was harmless.

■ In cases of this nature, the general rule is that a witness may testify as to the fact that a complaint has been made, and such testimony is admissible in the case in chief.

"[T]he courts are in accord in holding that the fact that a complaint was made may be shown upon the examination in chief by the state where the complaint was uttered soon after the occurrence, . . . on the theory of corroboration. . . . ."

*State v. Conrad*, 322 Mo. 246, 14 S.W.2d 608, 610 (1928); *State v. Hubbard*, 295 S.W. 788, 791 (Mo.1927)—sodomy; *State v. Marshall*, 354 Mo. 312, 189 S.W.2d 301, 305 (1945); *State v. Robinson*, 106 S.W.2d 425, 427 (Mo. 1937). It is also the general principle that the "details of the statements made by the [victim] in [the] complaint are not admissible in the first instance." *State v. Fleming*, 354 Mo. 31, 188 S.W.2d 12, 15 (1945); *State v. Marshall*, supra, 189 S.W.2d at 305; 70 Am.Jur., Sodomy, § 19, p. 821 (1973). The details are only admissible "in rebuttal to rehabilitate the credibility of the witness after testimony establishing extrajudicial statements . . . has been introduced for impeachment purposes." See *State v. Fleming*, supra, 188 S.W.2d at 15, citing many authorities.

But what is meant by a "complaint" and what constitute "details" have not been thoroughly analyzed by the authorities. "Just what are 'details' is a question on which all the decisions do not agree . . . ." *State v. Marshall*, supra, 189 S.W.2d at 305. In applying this general principle, it has been said that while a witness may not testify as to the details of the complaint, some facts may be given to show the nature of the complaint even though it involves some particulars, such as the circumstances under which it was made, the condition of the victim when the complaint was made or that the victim exhibited marks of violence. See 65 Am.Jur.2d, Rape, § 78, p. 806 (1972); cf. *State v. Robinson*,

supra, 106 S.W.2d at 427—witness related that victim was crying; cf. *State v. Conrad*, supra; see cases collected in 25 Mo.Digest, Rape ⇒48(2).

No absolute guidelines can be laid down as to what constitutes a "detail" of the complaint. Not every "detail" is sufficient to constitute a violation of the rule. Much must be left to the discretion of the trial court. After examining the record we cannot conclude that the court erred in this case and under these circumstances. The mother's unresponsive testimony indicated that when her son came home he was crying and "hollering Paul was breaking his arm and choking him—." This was not a substantial "detail" of a complaint made by this young unsophisticated victim so as to constitute a violation of the principle established by the authorities. The prosecutor did not press for any details and specifically indicated that he would withdraw any question concerning statements made by the boy to his mother. Under all the circumstances, we conclude that this point is without merit.

■ Even assuming that the statement constituted a detail of the complaint, there was no error for other reasons. (1) Appellant argues that the statement was not part of the res gestae. But the statement was made upon the victim's return home, which was only three or four houses away from the appellant's house, and hence we believe the statement was also admissible as part of the "res gestae" and as such came within the "spontaneous declaration" exception to the hearsay rule. *State v. Gilreath*, 267 S.W. 880, 882–883 (Mo.1924); 81 C.J.S. Sodomy, 1976 Supp., §. 5, p. 177; 70 Am.Jur.2d, Sodomy, supra, § 19, at p. 820; Annot., 19 A.L.R.2d 579, 592–594 (1951). (2) Since this was a court-tried case, the same rules pertaining to evidentiary matters before a jury do not apply. Any error in the admission or rejection of evidence does not have the same significance accorded such error in a jury trial. In such a case, although inadmissible evidence may be presented, it is presumed that the trial judge, by virtue of his experience and training, will be able to

make his decision solely upon the admissible competent evidence. *State v. Young*, 477 S.W.2d 114, 117 (Mo.1972); and the appellate court considers the admissible evidence and excludes from consideration any improper evidence and reaches its judgment based on the competent evidence without regard to the trial court's ruling. *L. S. v. L. M. S.*, 538 S.W.2d 753 (Mo.App.1976). There was sufficient competent evidence for the court to reach the conclusion it did, and we so find.

We have reviewed the entire record and have read the authorities relied upon by the appellant, and we are convinced that there was no prejudicial error and that the judgment should be affirmed.

The judgment is affirmed.

KELLY and GUNN, JJ., concur.